**Jasper NEELY et al., Plaintiffs,**

v.

**The CITY OF GRENADA et al., Defendants.**

**No. WC 74–33–K.**

United States District Court,
N. D. Mississippi, W. D.

Jan. 26, 1978.

John L. Walker, Jackson, Miss., Ural B. Adams, Jr., Memphis, Tenn., for plaintiffs.

Phil Embry, Grenada, Miss., Henry T. Arrington, New Orleans, La., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This class action against the City of Grenada, Mississippi, and its several departments, was brought to remedy employment discrimination rendered unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; and under 42 U.S.C. §§ 1981–83. Having successfully represented the plaintiff class, John L. Walker, lead counsel, and Ural B. Adams, Jr., co-counsel, have filed their motion for an award of attorney fees and expenses. The claim by Walker and Adams for attorney fees and expenses aggregates $124,-128.43.

The liability of the City for reasonable attorney fees as part of the cost of litigation rests upon § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), which provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs [of the litigation].

and upon the Civil Rights Attorney's Fees Awards Act of 1976, P.L. 94–559, 90 Stat. 2641 (Oct. 19, 1976), amending 42 U.S.C. § 1988, which provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983 . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

In making an award of what constitutes reasonable counsel fees, we are controlled by the familiar standards set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5 Cir. 1974), and often applied in awarding fees in Title VII cases. At least twelve factors are pertinent to the determination:

(1) *The time and labor required.*

Attorneys Walker and Adams have submitted detailed affidavits setting out, item by item, the dates, nature of the work performed, and the time expended in this action. Walker and Adams respectively spent 510 and 145 hours engaged in work of a strictly legal nature during the course of this litigation. This includes (a) time in court; (b) immediate trial preparation; (c) legal research; (d) discovery; and (e) preparation of pleadings. In addition, Walker and Adams respectively spent 200 and 160 hours engaged in travel, conferences, correspondence, and other work not of a strictly legal nature, primarily the development of proof based on a detailed compilation and

analysis of defendants' employment statistics.[1]

| | Walker | Adams |
|---|---|---|
| Hours in court | 70 | 70 |
| Hours in immediate trial preparation | 70 | 40 |
| Hours in discovery, research & pleadings | 370 | 35 |
| | 510 | 145 |
| Hours in conference, travel, correspondence and office work | 200 | 160 |

(2) *The novelty and difficulty of the questions.*

This was by no means a case of first impression. This action was, however, novel in that the defendant municipality was charged with employment discrimination in all its departments, and difficult in that the development of proof imposed an extraordinary statistical burden on plaintiff's counsel. Indeed, but for this extraordinary burden this court would not be inclined to allow an award of attorney fees for more than one lawyer.

(3) *The skill requisite to perform the legal service properly.*

Counsel clearly performed with the requisite degree of skill as evidenced by their success at trial.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.*

This factor does not weigh heavily in the eyes of the court since plaintiffs' counsel emphasize, if they do not indeed specialize in, civil rights litigation. Their success in this action, and the enhancement of their reputation as a natural result thereof, will benefit, rather than hamper, the practice of these attorneys.

(5) *The customary fee.*

The prevailing hourly rate within the Northern District of Mississippi, including Grenada, for strictly legal work in federal court litigation of the nature performed by Walker, as lead counsel, and by Adams, as assistant counsel, would not exceed $45 and $35 respectively. For counsels' additional work, not strictly of a legal nature, an hourly rate of $30 for both Walker and Adams would be in line with the customary rates charged within this federal district.

(6) *Whether the fee is fixed or contingent.*

Walker's fee arrangement with the named plaintiffs was of a contingent nature, whereby Walker would receive the greater of (a) one-third of the monetary recovery, or (b) the reasonable attorney fees allowed by the court to the prevailing party. This award will, therefore, be in lieu of any sharing or participation by counsel in the plaintiffs' monetary recovery for back pay.

(7) *Time limitations imposed by the client or the circumstances.*

This factor is not applicable, since there were no extraordinary time limitations involved.

(8) *The amount involved and the results obtained.*

Counsel was clearly successful in this action. In addition to substantial back pay awards, injunctive relief, including implementation of an affirmative action program, was secured on behalf of a large plaintiff class. *Neely v. City of Grenada*, 438 F.Supp. 390 (N.D.Miss.1977). On November 1, 1977, the court entered an order embracing a comprehensive affirmative action program. No appeal was taken by the defendants regarding the court's finding of discrimination or the affirmative action program ordered.

---

1. Walker claims compensation for 790.8 hours and Adams for 347.5 hours. We have reduced these figures to compensable totals of 710 and 305 respectively in accordance with the teachings of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 at 717 (5 Cir. 1974):

> If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.

In addition, after reference of the 35 claims for back pay to the United States Magistrate, the parties have agreed to a settlement of $97,995.63 to dispose of all claims and have filed a stipulation to that effect in this court.

### (9) The experience, reputation, and ability of the attorneys.

Walker is a graduate of the University of Pennsylvania and the New York University Law School and has practiced for five years in Jackson, Mississippi. Adams is a graduate of Howard University and the Memphis State University School of Law and has practiced for five years in Memphis, Tennessee.

Both counsel exhibited competence throughout the trial of the case and in making adequate trial preparation. Both were of assistance to the court in submitting proposed findings of fact and proposed affirmative action programs.

### (10) The "undesirability" of the case.

Although this case was decidedly unpopular with some elements of the Grenada community, resulting adverse consequences to counsel are not an important consideration in our award. Neither Walker, who practices in Jackson, Mississippi, nor Adams, who practices in Memphis, Tennessee, is likely to suffer professionally or otherwise as a result of hostility or ill feeling generated by this litigation and its outcome.

### (11) The nature and length of the professional relationship with the client.

This factor is not applicable since there was no professional relationship between these attorneys and the plaintiffs herein prior to this suit.

### (12) Awards in similar cases.

In *Norwood v. Harrison*, 410 F.Supp. 133 (N.D.Miss.1976), an award of attorney fees at hourly rates comparable to those allowed herein was made to the prevailing party in a challenge to a statewide program of textbook assistance found to violate the restrictions of the Fourteenth Amendment on state action. There, as here, this court, intimately familiar with the unique difficulties of proof, the intricacies of the legal questions presented, and the outstanding performance of plaintiffs' counsel, determined that the reasonable value of plaintiffs' counsels' services, under the standards of *Johnson v. Georgia Highway Express, Inc.,* supra, ranged from $20 to $50 per hour depending on the character of work performed.

The same result has obtained in a number of other civil rights cases which we note in the margin.[2]

■ Taking the twelve factors set out above into consideration, the court is of the opinion that Walker and Adams are entitled to be compensated at the maximum prevailing rates within the Northern District of Mississippi, i. e., for their work of a strictly legal nature, Walker, as lead counsel, is entitled to receive $45, and Adams, as co-counsel, is entitled to receive $35, for each compensable hour; for their work not of a strictly legal nature, Walker and Adams are entitled to receive $30 for each compensable hour.

■ In addition to the fees Walker and Adams seek based on hours of work performed personally, recovery of $6,823.50 for 454.9 hours of paralegal services performed by two law clerks, Lynda C. Robinson (134 hours) and Columbus Keepler (320.9 hours), is sought. Although the court recognizes the value of competent paralegal assistance, a close examination of the law clerks' itemized affidavits reveals that the amount requested is exorbitant. We find, therefore, that compensation at the rate of $10 per hour for 50 hours for Robinson and 100 hours for Keepler is reasonable in the circumstances of this case.

---

2. *Latham v. Chandler*, 406 F.Supp. 754 (N.D. Miss.1976) ($20–$40 per hour in voter registration case); *Gates v. Collier*, 371 F.Supp. 1368 (N.D.Miss.1973) ($35 per hour in prison case);

*Davis v. Reed*, 72 F.R.D. 644 (N.D.Miss.1976) ($20–$40 per hour in school desegregation case); *Stevenson v. Ault*, GC 73–76–K (N.D. Miss.1977) ($25–$40 per hour in prison case).

Recovery of $1,244.25 in expenses incurred in assisting counsel with the preparation of this case for trial is sought on behalf of Jasper Neely, the principal plaintiff, who is also the President of the Grenada County Chapter of the NAACP. Defendants oppose any award of fees for plaintiff's personal expenses in preparing his own class action. We have found no authority to support the proposition that such expenses are recoverable in Title VII actions, and this item will, therefore, not be allowed. *Barth v. Bayou Candy Co.*, 379 F.Supp. 1201 (E.D.La.1974); *Bowe v. Colgate-Palmolive Co.*, 272 F.Supp. 332 (S.D. Ind.1967).

Defendants do not oppose the award of $4070.12 to Mr. Walker and $1,131.08 to Mr. Adams to cover the itemized expenses noted in the margin below.[3]

In addition to these uncontested itemized expenses, Walker seeks reimbursement for long-distance telephone expenses required in the preparation of his case. Walker is unable to substantiate his expenses in this regard due to the loss of his telephone records for the period of September 1973 though October 1976. Walker's existing records disclose long-distance telephone expenses of $46.49 for the six-month period of January 1, 1977, through June 30, 1977, and Walker states by affidavit that he believes his substantiated telephone expense for this six-month period to be representative of his telephone expenses for each six-month period encompassed by the missing records. We find that Walker's estimate is reasonable, and that he is therefore entitled to recover estimated long-distance telephone expenses of $294.43 for the thirty-eight month period of September 1973 through October 1976 in addition to substantiated long-distance telephone expenses of $214.23.

The last disputed cost item is $180.80 claimed as the expert fee and travel expenses of Bennie G. Thompson, the Mayor of Bolton, Mississippi, a rebuttal witness called by plaintiffs to testify regarding municipal employment practices under federally funded programs. In our view, Thompson did not qualify as an expert witness, and therefore he would be entitled to no more than the usual statutory fee and mileage:

| | | |
|---|---|---|
| Mileage: 240 miles roundtrip Bolton to Greenville at 10¢ per mile | | $24.00 |
| Witness fee: | | 20.00 |
| Subsistence allowance: | | 16.00 |
| | | $60.00 |

28 U.S.C. § 1821.

Let an order be issued accordingly.

---

3. 
| | |
|---|---|
| Walker's travel, lodging, and food | $1,351.03 |
| Services of Nausead Stewart | 100.00 |
| Deposition and U. S. Marshal fees | 986.64 |
| Walker's postage expenses | 61.35 |
| Walker's copying expenses | 1,505.15 |
| Walker's shipping expenses | 65.95 |
| | $4,070.12 |

| | |
|---|---|
| Adams' mileage | 698.70 |
| Adams' postage and shipping | 12.73 |
| Adams' airfare | 88.00 |
| Adams' meals and lodging | 223.68 |
| Adams' telephone expenses | 107.97 |
| | $1,131.08 |