Altha Dell WILLEY and Fanny Shurden, Plaintiffs,

v.

MABEN MANUFACTURING COMPANY, INC., et al., Defendants.

No. EC 78–69–S–O.

United States District Court,
N. D. Mississippi, E. D.

Nov. 11, 1979.

James M. Ward, Ward & Ward, Starkville, Miss., for plaintiffs.

William E. Hester, III, Kullman, Lang, Inman & Bee, New Orleans, La., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

A memorandum of decision was released herein on August 22, 1979. The court held in the memorandum that plaintiffs were entitled to recover damages of defendant for its violation of the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) by discriminating against plaintiffs because of their religious beliefs.

The court held that plaintiffs were entitled to an award of an attorney's fee and expenses pursuant to 42 U.S.C. § 2000e–5(k), and withheld entry of a final judgment pending determination of the amount of the award.

The plaintiffs have now submitted to the court, via motion, the matter of the amount of the attorney's fee and expenses to be awarded. The motion is supported by affidavits and memorandum. Defendant has responded in an appropriate manner. The motion seeks an award of $6,734.71. The itemization of this request, which is attached to the motion, is broken down into separate items as follows:

A. Time Involved.

| Description | Hours |
|---|---|
| 1. Time involved with conferences, correspondence and miscellaneous items | 44.2 |
| 2. Time related to preparation of motions, pleadings, etc. | 10.5 |
| 3. Time related to review of papers and file | 24.0 |
| 4. Time related to research | 21.1 |
| 5. Time related to depositions | 8.0 |
| 6. Time related to pre-trial conference | 9.5 |
| 7. Time devoted to trial of case | 12.0 |
| Total Hours Charged | 129.3 |

B. Expenses Incurred.

| Description | | Amount |
|---|---|---|
| 1. Telephone charges | | $ 83.71 |
| 2. Travel: | | |
| a. Pretrial conference | $ 17.00 | |
| b. Reproduction of documents | 11.00 | |

B.    Expenses Incurred.—Continued

| Description | | Amount |
|---|---|---|
| c. Travel for trial and meals | 138.00 | |
| Total travel | | 166.00 |
| 3. Photocopying | | 20.00 |
| Total Expenses | | $269.71 |

Plaintiffs have filed a supplemental motion seeking an award of an additional sum of $375.00 to cover the attorney fee incurred in responding to defendant's opposition to their original motion. The motion asserts that plaintiffs' counsel necessarily devoted 7.5 hours in analysis of defendants response (1 hr.); research (3.5 hrs.); and preparation of memorandum, motion and revision (3 hrs.). The request of $375.00 is based on a $50.00 an hour rate.

The request for an award may be summarized as follows:

Attorney's Fees

| | | |
|---|---|---|
| 1. Time devoted: 136.8 hours at $50 per hour | | $6,840.00 |
| 2. Expenses | | 269.71 |
| Total Request | | $7,109.71 |

The district courts of this circuit are guided in the award of attorney's fees and expenses by the twelve criteria enumerated by the United States Court of Appeals for the Fifth Circuit in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

██ These are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*The Johnson Criteria*

A.   *The Time and Labor Required.*

The number of hours devoted to the prosecution of a suit for which a defendant may be held liable in an action such as the one sub judice, must be limited to those hours reasonably required to afford adequate representation. In arriving at a determination of the issue as to the number of hours reasonably required, the court may call upon its own expertise in such matters, the nature, complexity and character of the action, as well as the relationship and circumstances surrounding the parties. The charges entered from time to time, by the attorney, on the book of accounts in his office should be given close scrutiny. The ultimate finding by the court must rest upon a consideration of all the elements mentioned.

The case was tried by the court in one day; concededly a long session. Plaintiff's counsel has charged 12 hours to the trial. Considering before and after court time, the court concludes that this allocation is reasonable. Additionally, a charge for deposition appearances for 8 hours, appears reasonable. Thus, a total of 20 hours in court time should be used by the court in fixing the final award.

The balance of time charges, amounting to 116.8 hours appears to be excessive for the type, character and kind of case under consideration. Plaintiff's counsel has logged 44.2 hours for conferences, correspondence and miscellaneous items; 24 hours to work related to review of the file and documentary evidence, 21.1 hours to research and 7.5 hours on the motion and memorandum in connection with fixing the amount of the award. These hours aggregate 96.8 hours. The other 20 hours are composed of 10.5 hours for work relating to motions, pleadings, etc., and 9.5 hours work relating to the pre-trial conferences.

After carefully considering the record, the court's judgment is that the several out-of-court matters relating to the case should not have required more than 60 hours. This is not to say that plaintiffs' counsel did not actually spend the time

charged to case in research, preparation, and prosecution of the action. The case, however, was not complicated or complex. A reasonable allowance for out-of-court work of 60 hours, in addition to the 20 hours of in-court time, appears to be a reasonable approach to issue.

**B. The Novelty and Difficulty of the Questions.**

The questions presented in the case involved the enforcement of a statute concerning civil rights. The questions were neither novel nor difficult of handling.

**C. The Skill Requisite to Perform the Legal Services Properly.**

The action required the services of a skilled, capable and resourceful trial attorney. These attributes are possessed by counsel for plaintiffs. He is not a neophyte in the area of the law involved in the action sub judice.

**D. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.**

There is no indication in the record that counsel for plaintiffs was precluded by acceptance of the case from accepting other employment.

**E. The Customary Fee.**

The court has been confronted in many cases with the question of "the customary fee" in cases similar to the one sub judice. For the type of work involved here, the court concludes a customary fee was run from $35.00 to $40.00 per hour for out-of-court work and $40.00 to $50.00 for in-court work.

**F. Whether the Fee is Fixed or Contingent.**

In support of the motion for an award of fees, plaintiffs have submitted a copy of their contract with counsel. The contract fixes a contingent fee, the same to be "attorneys fees as authorized by law and set by the court." The fee is not contingent on the amount of recovery by plaintiffs.

Plaintiff Willey recovered damages amounting to $2,000.00, and plaintiff Shurden, the sum of $1,500.00. The aggregate recovery for both plaintiffs was $3,500.00.

**G. Time Limitations Imposed by the Client Under the Circumstances.**

The facts involved herein do not demonstrate that this criteria is applicable to this action.

**H. The Amount Involved and the Results Obtained.**

As the award to plaintiffs indicates, the amounts involved in the case are small. The plaintiffs were not successful in obtaining judgment against the individual defendants, a voluntary dismissal being taken as to said defendants. They were, however, successful as to the corporate defendant and obtained the relief sought by them.

**I. The Experience, Reputation and Ability of the Attorneys.**

Counsel for plaintiffs is an astute trial attorney. Before entering the private practice at Starkville, Mississippi, he was an assistant to the Attorney General of the State of Mississippi. He came in contact with civil rights cases on a day-by-day basis during the three years he was employed in the Office of the Attorney General. Prior to being employed as an Assistant Attorney General, he served for four years as a captain in the Judge Advocate General's Corps of the United States Army, where he was involved in extensive trial work. As the court has observed under paragraph "C", *supra*, counsel is a "skillful, capable and resourceful trial attorney".

**J. The "Undesirability" of the Case.**

The record is void as to any circumstances which would act to classify the action sub judice, as an "undesirable" case.

**K. The Nature and Length of the Professional Relationship With the Client.**

The plaintiffs have not had any prior relationship with counsel. This criteria is not applicable.

L. *Awards in Similar Cases.*

The judges of this court have made awards in many civil rights actions. These awards were based on a range of fees, starting with out-of-court work at $20.00 per hour and running to $50.00 per hour for in-court work. *See, Armstead v. Starkville Municipal Separate School District,* 395 F.Supp. 304 (1975); *Ayers v. Western Line Consolidated School District,* 404 F.Supp. 1225 (1975); *Latham v. Chandler,* 406 F.Supp. 754 (1976); *Norwood v. Harrison,* 410 F.Supp. 133, 141 (1976); *Davis v. Reed,* 72 F.R.D. 644 (1976); *Peacock v. Drew Municipal Separate School District,* 433 F.Supp. 1072; *Neely v. City of Grenada,* 77 F.R.D. 484, 486 (1978); *Armstrong v. Reed,* 462 F.Supp. 496 (1978); *Cole v. Tuttle,* 462 F.Supp. 1016, 1021 (1978).

### CONCLUSION

█ The court finds that plaintiffs are entitled to an award of attorney's fees and expenses as follows:

A. Attorney's fees for all pre-trial, trial, and post-trial work, based on 20 hours in-court work at $50.00 per hour, and 60 hours of out-of-court work at $40.00 per hour, the sum of _____ $3,400.00

B. Expenses as follows:

   1. Telephone calls _____ $83.71
   2. Photocopying _____ 20.00
   3. Travel _____ 50.00
         Total Expenses    $153.71

█ The charge of $138.00 for travel, meals, etc., at trial, is partially disallowed. It is clear that this charge includes travel expenses for individuals other than counsel. This type charge is not allowable to the extent it includes travel or meals for either the parties or their witnesses. This holding is without prejudice to the taxing of witness fees and proper allowances in the cost bill for witnesses, excluding the parties.

An appropriate order is being entered by the court. The clerk will enter final judgment.