Jasper NEELY et al.,
Plaintiffs-Appellants,

v.

The CITY OF GRENADA et al.,
Defendants-Appellees.

No. 78–1762.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1980.

Phillip J. Brookins, John L. Walker, Jackson, Miss., Ural B. Adams, Memphis, Tenn., for plaintiffs-appellants.

Henry Arrington, New Orleans, La., for defendants-appellees.

Before GOLDBERG, FRANK M. JOHNSON, Jr. and HATCHETT, Circuit Judges.

GOLDBERG, Circuit Judge:

On this appeal, we once again must review an award of attorney's fees from the Northern District of Mississippi, 77 F.R.D. 484, in which the court used a maximum local rate. *See Knighton v. Watkins*, 616 F.2d 795 (5th Cir.1980). Since *Knighton* is quite similar to our case, we shall closely track *Knighton's* holding and reasoning.

We shall briefly here state the facts so as to put the case into proper focus; other facts will be described where necessary.

This appeal derives from civil rights litigation, spanning four years, brought under Titles VI and VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000d and 42 U.S.C. § 2000e–2, the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 1242, and 42 U.S.C. §§ 1981, 1983. Named plaintiffs, Jasper Neely, Joe Durr, and Annie Louise Blackmore, represented a class composed of "all black residents of Grenada County, Mississippi, who have applied or may in the future apply for employment in any of the departments of the City of Grenada, and all blacks employed by the City in any of its departments." They alleged that defendants—the City of Grenada, its various departments and officers—appellees here, discriminated on the basis of race in all aspects of employment practices in all departments. Following extensive discovery and a seven-

day trial on the merits, the district court ruled that defendants had discriminated against the named class with respect to hiring, training and promotions. The court ordered substantial individual and class relief.

Following judgment, plaintiffs' attorneys, John L. Walker and Ural B. Adams, Jr., appellants here, moved for attorney's fees pursuant to section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[1] Appellants appeal from the district court's award. They contend that the district court erred in setting an inadequate hourly rate for appellants' services and in reducing the compensable number of hours. For the reasons discussed below, we vacate the order of the district court and remand for proceedings not inconsistent with this opinion.

### I. *The Hourly Rate*

We have before described the manner in which the district courts in the Northern District of Mississippi have been calculating attorney's fees:

> *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), commands attention to customary fees in the locality. Instead of taking into account the customary fees private counsel usually charge for similar work, as demonstrated by the testimony and its own knowledge of local conditions, the court started with a maximum hourly rate as an absolute limit on the fee award, a

ceiling that it has imposed in the past . . . and it adjusted the fees downward from that amount.

*Knighton, supra*, 616 F.2d at 800.

We have also before condemned this practice in no uncertain terms:

> *Johnson* does not permit a district court to translate its notion of a customary fee into an inflexible maximum. Congress intended "that the amount of fees awarded under [section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature." S.Rep. 94–1011, 94th Cong., 2d Sess. 6, *reprinted in* [1976] U.S. Code Cong. & Admin. News, pp. 5908, 5913.

*Id.*

■ The reason for condemning this practice is quite simple. To begin with a perceived local maximum fee, then find that the other *Johnson* factors favor an award of substantial attorney's fees, and then conclude that the local rate should be the fee, amounts to a failure to consider the *Johnson* factors other than the local rates. As we have previously stated, "A computation of reasonable fees solely on the basis of a hours-times-dollars formula does not satisfy the court's responsibility." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1171 (5th Cir.1980). Accordingly, the district court here, as in *Knighton*, erred.[2]

1. 42 U.S.C. § 2000e–5(k) provides the following:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person. 42 U.S.C. § 1988, in pertinent part, provides the following:
> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a

provision of the United States Internal Revenue Code, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

2. In fact, in his use of a maximum rate, a practice which this court condemned, the magistrate in *Knighton* specifically relied upon the district court's opinion in this case: " 'The maximum hourly rate for strictly legal work in federal court litigation in the Northern District of Mississippi is $45.00 per hour; for work not of a strictly legal nature the rate of $35.00 per hour. *Neely v. City of Grenada*, 77 F.R.D. 484, 486 (N.D.Miss.1978).' " *Knighton, supra*, 616 F.2d at 797, *quoting* Magistrate's Report.

On the basis of uncontroverted affidavits in the record and on the basis of the district court's findings with regard to the *Johnson* criteria, we are able, as was the court in *Knighton, see Knighton, supra,* 616 F.2d at 800–01, to determine a reasonable attorney's fee.

Appellants submitted numerous affidavits in support of their request for attorney's fees to be derived from a $100 per hour rate. These affidavits state that approximately $75 is the normal fee for attorneys of appellants' reputation and experience for complex, non-contingent federal litigation in the Northern District of Mississippi. These affidavits further state that given the contingent nature of the fee, and the scope of the litigation, the relief, and the issues, the fee should be somewhere between $75 and $120.[3] Appellees introduced no contradictory evidence.

---

3. From these affidavits, the following are illustrative passages concerning the proper hourly rate:

(1) Fred L. Banks, Jr., Esq., who has practiced in Jackson, Mississippi, since 1968, testified as follows:

Based upon my aforesaid knowledge and experience, I can state that the average hourly rate generally charged by competent Jackson based trial lawyers for representation of clients in complex, non-contingent federal court litigation between 1969 and the present range from a low of approximately thirty-five ($35.00) Dollars per hour in 1969, to a high of approximately seventy-five ($75.00) Dollars per hour today. Moreover, based upon my experience in representing plaintiffs in employment discrimination cases and professionally associating with other attorneys who represent plaintiffs in employment discrimination cases, it is my opinion that a fee in excess of that normally charged for complex, non-contingent federal court litigation should be awarded to the attorney for a successful plaintiff in an employment discrimination case, because of the complexity, novelty, duration, and contingent nature of an employment discrimination litigation. It is therefore my opinion that a fee based on a rate of One Hundred ($100.00) Dollars (utilizing a multiplier of two (2) based on an average current rate of Fifty (50.00) Dollars per hour) per hour is a reasonable fee to be awarded to the attorney of a successful plaintiff in an employment discrimination case.

(2) Nausead Stewart, Esq., who has practiced in Jackson, Mississippi, since 1970, testified as follows:

Based upon my aforesaid knowledge and experience, I can state that the average hourly rate generally charged by competent Jackson based trial lawyers for representation of clients in complex, non-contingent federal court litigation between 1970 and the present range from a low of approximately thirty-five ($35.00) Dollars per hour in 1970, to a high of approximately seventy-five ($75.00) Dollars per hour today. Moreover, based upon my experience in representing plaintiffs in employment discrimination cases and professionally associating with other attorneys who represent plaintiffs in employment discrimi-

nation cases, it is my opinion that a fee in excess of that normally charged for complex, non-contingent federal court litigation should be awarded to the attorney for a successful plaintiff in an employment discrimination case, because of the complexity, novelty, duration, and contingent nature of an employment discrimination litigation. It is therefore my opinion that a fee based on a rate of One Hundred ($100.00) Dollars per hour (utilizing a multiplier of three (3)) is a reasonable fee to be awarded to the attorney of a successful plaintiff in an employment discrimination case.

(3) John L. Maxey, II, Esq., who has practiced in Jackson, Mississippi, since 1968, testified as follows:

Based upon my aforesaid knowledge and experience, I can state that the average hourly rate generally charged by competent Jackson based trial lawyers for representation of clients in complex, non-contingent federal court litigation between 1968 and the present ranged from a low of approximately thirty-five ($35.00) Dollars per hour in 1970, to a high of approximately seventy-five ($75.00) Dollars per hour today. Moreover, based upon my experience in representing plaintiffs in employment discrimination cases and professionally associating with other attorneys who represent plaintiffs in employment discrimination cases, it is my opinion that a fee in excess of that normally charged for complex, non-contingent federal court litigation should be awarded to the attorney for a successful plaintiff in an employment discrimination case, because of the complexity, novelty, duration, and contingent nature of an employment discrimination litigation. It is therefore my opinion that a fee based on a rate of One Hundred ($100.00) Dollars per hour is a reasonable fee to be awarded to the attorney of a successful plaintiff in an employment discrimination case.

(4) A. Spencer Gilbert III, Esq., who has practiced in Jackson, Mississippi, since 1967, testified as follows:

A fee based on a rate of $50 to $60 per hour is a reasonable fee and is the average fee basis in this area for routine, non-contingent litigation in federal district court, and in

Moreover, the district court found that most of the *Johnson* criteria weighed in appellants'. favor. As stated by the district court, "This was by no means a case of first impression. This action was, however, novel in that the defendant municipality was charged with employment discrimination in all its departments, and difficult in that the development of proof imposed an extraordinary burden on plaintiff's counsel." 77 F.R.D. at 486. The district court further found that "[c]ounsel clearly performed with the requisite degree of skill as evidenced by their success at trial." *Id.* It described this comprehensive success in the following terms:

> Counsel was clearly successful in this action. In addition to substantial back pay awards, injunctive relief, including implementation of an affirmative action program, was secured on behalf of a large plaintiff class. *Neely v. City of Grenada,* 438 F.Supp. 390 (N.D.Miss.1977). On November 1, 1977, the court entered an order embracing a comprehensive affirmative action program. No appeal was tak-

en by the defendants regarding the court's finding of discrimination or the affirmative action program ordered.

*Id.* No litigation could more aptly be eligible for application of our admonition that "[i]f the decision corrects across-the-board discrimination affecting a large class of an employer's employees, the attorney's fee award should reflect the relief granted." *Johnson, supra,* 488 F.2d at 718. This application is particularly appropriate since the relief granted was against virtually all employment practices of an entire municipality in all its departments. Although the litigation may not have been important in the sense of involving novel issues, the significance of eradicating such rampant discrimination by an entire city cannot possibly be understated. Since the evidence without contradiction indicates that an award based on an hourly rate of between $75 and $120 is appropriate, and because the *Johnson* factors weigh heavily in appellants' favor, we hold that a fee based on $100 per hour is reasonable.[4]

appeals to the Court of Appeals. I am generally familiar with the experience and ability of John Walker as a lawyer in Title VII cases. The fee range stated in this paragraph is reasonable in non-contingent cases for a lawyer with the ability and experience of Mr. Walker.

Because of the contingent nature of the fee in civil rights and Title VII litigation, it is reasonable in this locality to increase the normal non-contingent hourly rate by 50% to 100%. Therefore, a reasonable fee in a successful case should be based on an hourly rate of $75 to $120 based on the complexity and novelty of the issues.

(5) Firnist J. Alexander, Jr., Esq., who has practiced in Jackson, Mississippi, since 1971, testified as follows:

Based upon my aforesaid knowledge and experience, I can state that the average hourly rate generally charged by competent Jackson based trial lawyers for representation of clients in complex, non-contingent federal court litigation between 1973 and the present ranged from a low of approximately thirty-five ($35.00) Dollars per hour in 1973, to a high of approximately ninety ($90.00) Dollars per hour today. Moreover, based upon my experience in representing plaintiffs in employment discrimination cases and professionally associating with other attorneys who represent plaintiffs in employment discrimination cases, it is my opinion that a fee in

excess of that normally charged for complex, non-contingent federal court litigation should be awarded to the attorney for a successful plaintiff in an employment discrimination case, because of the complexity, novelty, duration, and contingent nature of an employment discrimination litigation. It is therefore my opinion that a fee based on a rate of seventy-five ($75.00) Dollars per hour is a reasonable fee to be awarded to the attorney of a successful plaintiff in an employment discrimination case.

4. The affidavits concerning the appropriate fee for Ural B. Adams, Jr., who was co-counsel to the lead counsel, John L. Walker, also stated that Adams should be entitled to a fee of $100 per hour. However, the district court compensated Adams at a lesser rate than Walker since the latter was lead counsel. Since the affidavits concerning Adams did not consider that he was not lead counsel while other affidavits indicated that lead counsel should receive extra compensation, the district court properly exercised its discretion in awarding a lesser hourly rate for Adams than that granted to Walker. Since we approve that exercise of discretion, we shall use the same 45 to 35 ratio utilized by the district court in fixing the hourly rate of lead counsel to co-counsel. Thus, Walker, as lead counsel, is entitled to a fee based on $100 per hour; Adams, as co-counsel, is to be

## II. *Compensable Number of Hours*

■ Appellants contend that the district court erred in reducing the number of compensable hours for their services by eliminating some hours due to duplicative work by Walker and Adams and by compensating some hours at a lesser rate because the services rendered were not strictly legal. We have reviewed the record and find no abuse of discretion. Accordingly, we approve the number of hours calculated by the district court and the $30 per hour rate used to compensate appellants for services not strictly of a legal nature.

■ However, we must nevertheless remand so that the district court can calculate the number of hours spent prosecuting this appeal. *See, e. g., Knighton, supra,* 616 F.2d at 801. To the extent that these services were legal, appellants are entitled to compensation based on the hourly rates we have approved in section I *supra.* To the extent that these services were not strictly legal, appellants are entitled to compensation on the basis of the hourly rate previously used by the district court for such services.

VACATED and REMANDED for proceedings not inconsistent with this opinion.

awarded a fee based on $^{35}/_{45}$ of $100 per hour, $77.77 per hour.

Pointing to the agreement between named plaintiffs and appellants, appellees argue that appellants are entitled to only one-third of the amount recovered as damages in the litigation. They find their support for this contention in the following contractual clause:

The attorneys hereby agree to make no demands upon client for payment for their services rendered but agree to receive as payment for their services the greater of the following amounts:
(a) the attorney's fees paid by the adversed party(ies) and/or awarded by the court as attorney's fees; or
(b) one third (⅓) of the total amount of money paid by the adverse party(ies) in the event of an out of court settlement.

We perceive no less than four flaws fatal to this argument. First, appellees ignore the fact that the clause specifies that the payment is to be *the greater* of the fee awarded by the court or one-third of a settlement amount. Second, the clause stipulates that the alternative to a court-awarded fee is one-third of a recovery made through settlement, not one-third of damages obtained through litigation. Third, in stating that the maximum fee should be limited to one-third of a backpay award, appellees forget that substantial non-monetary relief was obtained. Fourth, ascertaining a reasonable attorney's fee is a legal determination based on the *Johnson* criteria; the court is not bound by a contract between the parties. *See Johnson, supra,* 488 F.2d at 718.