Carol **CANTRELL**, Plaintiff,

v.

Nolan **VICKERS**, Individually and as Superintendent of the Starkville Municipal Separate School District, et al., Defendants.

No. EC 79–97–OS–O.

United States District Court,
N. D. Mississippi, E. D.

Feb. 18, 1981.

Paul S. Minor, Biloxi, Miss., for plaintiff.

Dolton McAlpin, James M. Ward, Starkville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, Senior District Judge.

The action sub judice is before the court on plaintiff's motion for allowance of a reasonable attorney's fee as part of the costs pursuant to 42 U.S.C. § 1988, as amended, October 19, 1976, by Pub.L. 94–559 § 2.

In the Memorandum of Decision released August 7, 1980, 495 F.Supp. 195, the court held that plaintiff was entitled to recover a reasonable attorney's fee as part of the costs.

I. *Preliminary Statement.*

Plaintiff's attorney, Honorable Paul S. Minor, of Biloxi, Mississippi, was engaged by plaintiff Carol Cantrell, a teacher in the public schools at Starkville, Mississippi, on April 5, 1979, to contest her dismissal as a grade teacher in the schools of defendant Starkville Municipal Separate School District (hereinafter referred to as "school district"). The complaint was filed April 9, 1979, and on April 12, 1979, plaintiff was granted a hearing on her motion for a temporary restraining order and/or preliminary injunction.

After a three and one-quarter hour hearing at Greenville, Mississippi, plaintiff was

granted a preliminary injunction requiring her reinstatement by the school district. After extended discovery, the action was tried on its merits at Oxford, Mississippi, on April 21, 1980. The trial lasted three days and involved 18 hours of in-court time. At the conclusion of the trial, the preliminary injunction was made permanent, plaintiff was awarded $2,500.00 compensatory damages plus costs, including a reasonable attorney's fee as provided for in Section 1988, *supra*.

The motion for attorney's fee is accompanied by the memorandum and affidavit of Mr. Minor and an associate, Honorable David D. Cobb. The motion seeks an allowance of an attorney's fee, based upon the time devoted to the case by counsel, at a suggested rate per hour. The motion seeks, as a part of the attorney's fee, certain expenses incurred by counsel in the course of the litigation. The aggregate demand is $23,608.88.

The attorney's fee sought by plaintiff amounts to $19,165.00, and is calculated as follows:

1. Paul S. Minor for the periods:

   a. April 5, 1979 through April 27, 1979, 71½ hours at $60.00 per hour ....................... $4,290.00

   b. January 1980 through April 18, 1980 (trial preparation) 27 hours at $75.00 per hour ........... 2,025.00

   c. April 18, 1980 through April 23, 1980 (preparation for and conduct of trial) 45 hours at $100.00 per hour .................. 4,500.00

   Total for Paul S. Minor        $10,815.00

2. Robert Gambrell for the period April 6, 1979, through April 9, 1979, 12 hours at $50.00 per hour ......... $ 600.00

   Total for Robert Gambrell      $ 600.00

3. David T. Cobb for the periods:

   a. Services rendered as a law student prior to graduation in May, 1979, for the period April 6, 1979, through April 11, 1979, 12 hours at $25.00 per hour .......... $ 300.00

   b. Post-graduation time July, 1979, to August, 1980, 147½ hours at $50.00 per hour .............. 7,375.00

   c. Preparation of response to defendants' memorandum 7.5 hours at $50.00 per hour ............ 375.00

   Total for David T. Cobb        $ 7,750.00

The total amount of attorney's fees sought by plaintiff are:

1. Paul S. Minor ......................... $10,815.00
2. Robert Gambrell ...................... 600.00
3. David T. Cobb ........................ 7,750.00

TOTAL        $19,165.00

The parties have submitted memoranda of authorities and affidavits in support of their respective positions. The court has carefully reviewed the jacket file in order to familiarize itself with the course of the litigation.

In reaching its decision, the court utilizes the first hand information which it gained during the presentation of the case, its experience in determining a reasonable fee in cases of this nature, and the evidence submitted by the parties on the motion.

The Court of Appeals for the Fifth Circuit has furnished this court with guide lines to follow in reaching the determination as to a reasonable attorney's fee. In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), the court established twelve criteria to be used in fixing a reasonable attorney's fee. These are:

1. The time and labor required.

2. The novelty and difficulty of the questions.

3. The skill requisite to perform the legal service properly.

4. The preclusion of other employment by the attorney due to acceptance of the case.

5. The customary fee.

6. Whether the fee is fixed or contingent.

7. Time limitations imposed by the client or the circumstances.

8. The amount involved and the results obtained.

9. The experience, reputation, and ability of the attorneys.

10. The "undesirability" of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases.

■ The statute upon which plaintiff must rely for an allowance of an attorney's fee provides "the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. In cases where the allowance is to be made, as is the case here, the prevailing party bears the burden of establishing with a reasonable degree of certainty the amount of a reasonable fee.

## II. The Determination of a Reasonable Attorney's Fee.

In determining the amount of a reasonable attorney's fee for plaintiff's counsel, the court will discuss the twelve criteria set forth in *Johnson*.

### 1. The Time and Labor Required.

■ There appears to be an overlapping or duplication of effort on the part of counsel. A review of counsel's itemization of time, when considered in light of the record, convinces the court that counsel have charged more time to the case than reasonably required in order to furnish plaintiff with adequate representation. The charges are shown by periods and reflect aggregate hours for numerous types or character of work performed.

Because of duplication of effort and the state of the record as to itemization, it is difficult for the court to determine the proper amount of time to be allocated to each attorney. Based upon the information available, the court allocates as time reasonably required for the adequate representation of plaintiff, 110 hours to Mr. Minor, 100 hours to Mr. Cobb and 12 hours to Mr. Gambrell.

The court finds that 222 hours, as indicated, represents a reasonable allowance for time and labor employed by counsel in the representation of plaintiff's interest.

### 2. The Novelty and Difficulty of the Questions.

The primary question involved herein is rather unusual and unique. Defendant school district, as a condition of the contin- ued employment as a teacher in its schools, required plaintiff to sign and agree to implement a "Plan of Improvement", prepared by the school superintendent as the result of complaints made of plaintiff by patrons of the school. Plaintiff was not given the opportunity to be heard before the Plan was prepared. At issue are plaintiff's due process rights under the Fourteenth Amendment to the Constitution of the United States and her First Amendment rights. While the facts are unique, the governing principles of law abound in our jurisprudence. The case was not difficult or complex except that it involves a factual situation of an unusual nature.

### 3. The Skill Requisite to Perform the Legal Services Properly.

The action was not a run-of-the-mill case. The proper presentation of plaintiff's case required the skill of an experienced, capable, and resourceful trial attorney.

### 4. The Preclusion of Other Employment by the Attorney Due to the Acceptance of the Case.

The employment of Mr. Minor by plaintiff did not preclude him from the acceptance of other litigation, except for conflicting appointments.

### 5. The Customary Fee.

The issue of what constitutes a "customary fee" in this district has been a matter of much debate. This court has spoken on the problem in a number of cases. *See, e. g., Cole v. Tuttle*, 462 F.Supp. 1016, 1021 (N.D. Miss.1978); *Armstrong v. Reed*, 462 F.Supp. 496, 503 (N.D.Miss.1978); and *Armstead v. Starkville Municipal Separate School District*, 395 F.Supp. 304, 310–311 (N.D.Miss. 1975).

The Fifth Circuit on two recent occasions has had the opportunity to fix attorney's fees in cases on appeal from this court. In *Knighton v. Watkins*, 616 F.2d 795 (5th Cir. 1980), this court was reversed on the attorney fee issue, and directed to use a rate of $50.00 per hour, in place of a lower rate

used by this court. The rate was fixed by the Fifth Circuit on the basis of two affidavits appearing in the record made by attorneys practicing before the court that $50.00 per hour would be a proper basis upon which to calculate a reasonable fee. This court in fixing the fee based its judgment on lower rates obtained from decisions in prior cases decided by the court. The Fifth Circuit, however, in *Knighton*, gave full recognition to the fact that the jurisprudence of the circuit bids the appellate court to pay full regard to the trial court's discretion in fixing compensation. The Fifth Circuit also held that while the trial court should guard against mulcting defendants care should also be taken against parsimony to prevailing counsel. *Id.* at 800. The Fifth Circuit found an abuse of discretion by this court and reversed.

The Fifth Circuit has also spoken recently in a case tried by Chief Judge William C. Keady, *Neely v. City of Grenada*, 624 F.2d 547 (5th Cir. 1980).[1] In *Neely*, the Fifth Circuit reversed Judge Keady on the issue of compensation for plaintiff's counsel, and directed an award based upon a customary fee of $100.00 per hour for lead counsel and $77.77 per hour for associate counsel. The Fifth Circuit condemned the practice of this court in translating its notion for a customary fee into an inflexible maximum. *Id.* at 549. The *Neely* court followed the *Knighton* court in this regard. Having adopted this rule, the *Neely* court, on the basis of uncontroverted affidavits in the record and the district court's findings with regard to the *Johnson* criteria, proceeded to make on appeal the determination of a reasonable attorney's fee to be allowed.

The action taken by the Fifth Circuit in *Knighton* and *Neely* does not establish a customary fee standard for this district. The award in *Knighton* was based on a customary fee of $50.00 per hour. In *Neely*, the award was based on $100.00 per hour for lead counsel and $77.77 per hour for associate counsel. These awards were

based upon the records developed by the district court and upon facts peculiar to each case.

■ It is still the prevailing and generally accepted rule that the determination of a reasonable attorney's fee in cases such as the action sub judice is within the sound discretion of the trial court, and its findings will not be disturbed on appeal unless it is shown by the record that the trial court has abused its discretion. Each case must be decided on its own peculiar facts.

■ Plaintiff supports her request for an award of reasonable attorney's fees with the affidavits of her attorneys, Minor and Cobb. The application for the allowance of fees is supported by their affidavit that the amounts claimed, as above indicated, are reasonable and based on fees customarily charged by attorneys practicing in this court.

Plaintiff also tenders affidavits of two Jackson, Mississippi, attorneys, Honorable Danny E. Cupit and Honorable A. Spencer Gilbert, III.

Mr. Cupit's affidavit relates to reasonable and customary fees in employment discrimination cases which have mushroomed in this jurisdiction since passage of the Civil Rights Act of 1964. The action sub judice is not a discrimination in employment case, but one involving the denial of due process and First Amendment rights. There is, however, some correlation between the two. With this in mind, the court will consider the contents of Mr. Cupit's affidavit. Mr. Cupit states that the average hourly rate generally charged by competent Jackson trial lawyers for representing clients in complex, non-contingent federal court litigation between 1970 and the present, ranges from a low of approximately $35.00 per hour in 1970 to a high of approximately $125.00 today. Mr. Cupit's stated opinion is that in employment discrimination cases a fee in excess of that generally charged in non-contingent fee cases should be awarded

1. Decision of the trial court is reported at *Neely v. City of Grenada*, 77 F.R.D. 484 (N.D.Miss. 1978).

because of the nature of the case. In this regard, Mr. Cupit's opinion is that a fee based on a rate of $150.00 per hour would be a reasonable fee for the award in this case.

The affidavit of Honorable A. Spencer Gilbert, III, states that the current customary hourly rate for routine, non-contingent litigation in the Federal District Courts in Mississippi ranges from $50.00 to $75.00 per hour; and in Civil rights cases, where the fee is contingent, it is reasonable to increase the rate by 50% or 100%. Mr. Gilbert gives an opinion that a fee based on an hourly rate of $75.00 to $125.00 per hour would constitute a reasonable fee to award in this case.

Defendant has tendered the affidavits of two attorneys with offices situated in the Northern District of Mississippi, who have had extended experience in the trial of school cases before this court. Mr. Shield Sims, a Columbus, Mississippi, attorney for the Columbus Municipal Separate School District, projects a customary fee for in-court and out-of-court time of $50.00 per hour. To the same effect is the affidavit of Honorable William H. Ward of Starkville, Mississippi, attorney for the Oktibbeha County School District.

On the entire record, and the court's familiarity with the hourly rates customarily charged by competent and experienced attorneys practicing before it, the court finds that an hourly rate from $50.00 to $75.00 per hour for the services of Mr. Minor constitutes a fair and reasonable rate of compensation for his services. For the services of Mr. Gambrell and Mr. Cobb, the court finds that from $40.00 to $50.00 per hour is a reasonable rate.

6. *Whether the Fee is Fixed or Contingent.*

The record reflects that Mr. Minor charged and collected a $2,500.00 fee from his client at the beginning of this action. Because of his client's financial condition, Mr. Minor takes the position that additional compensation must be contingent in nature. There is no showing, however, that addi-tional fees would not have been charged by Mr. Minor had he been unsuccessful in the litigation.

The court finds that the fee was partially contingent. The nature of the fee will be taken into consideration in the fixing of attorney fees for Mr. Minor's services.

7. *Time Limitations Imposed by the Client or the Circumstances.*

The record does not reflect time limitations were imposed in the action by the client or by the circumstances of the case.

8. *The Amount Involved and the Results Obtained.*

The attorneys for plaintiff were successful in protecting her employment by the school district; and secured an award of compensatory damages. The results of the litigation will be taken into consideration in the fixing of a reasonable attorney's fee.

9. *The Experience, Reputation, and Ability of the Attorneys.*

The representation of plaintiff was adequate. This is evidenced by the results obtained. Mr. Minor is an astute attorney and experienced in litigation involving teachers' rights. Mr. Cobb was not a member of the Bar at the time the action was instituted and was not admitted to practice in the courts of the state or this court, until after the hearing on the preliminary injunction. It is, of course, apparent, that his experience as an attorney was limited at the time he was performing the services in this case, although he appeared to perform his services well.

The record reflects that Mr. Gambrell is a 1977 graduate of the Law School of the University of Mississippi. He opened his own office in Biloxi, Mississippi, in the summer of 1979. At the time his services were rendered to plaintiff, he was working with Mr. Minor. The record does not reflect what other experience Mr. Gambrell had enjoyed in the practice of law before becoming associated with Mr. Minor.

The experience, reputation, and ability of the attorneys, will be taken into consideration in the fixing of the attorney's fees.

**10.** *The "Undesirability" of the Case.*

This is not an action that can be classified as "undesirable" for counsel of record. Mr. Minor and his associates specialize in the type of litigation here involved.

**11.** *The Nature and Length of the Professional Relationship With the Client.*

Counsel for plaintiff have not been associated with plaintiff in any previous litigation.

**12.** *Awards in Similar Cases.*

This criteria has already been discussed and will not be repeated.

### SUMMARY

■ In summary the court determines, on the basis of the record herein, that allowances for reasonable attorney's fees should be and hereby are fixed as follows, for:

1. Mr. Minor:

   a. In-court time: 21¼ hours at $75.00 per hour, the sum of . . . . . . . . . . . . . . . . . . . . . . . . . $1,593.75

   b. Out-of-court time, 88¾ hours at $60.00 per hour. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,325.00

                   Total    $6,918.75

2. Mr. Gambrell:

   12 hours out-of-court time at $40.00 per hour . . $ 480.00

                   Total    $ 480.00

3. Mr. Cobb:

   a. In-court time: 18 hours at $50.00 per hour . . $ 900.00 [2]

   b. Out-of-court time, 82 hours at $40.00 per hour. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,280.00

                   Total    $4,180.00

The court determines, therefore, a total award for attorney's fees:

Mr. Minor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 6,918.75
Mr. Gambrell . . . . . . . . . . . . . . . . . . . . . . . . . . . 480.00
Mr. Cobb . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,180.00

           Total Award   $11,578.75

**2.** The court does not include the time spent by Mr. Cobb while a law student in attending the preliminary hearing, the court finding that such

### III. *Allowable Expenses.*

**A.** *Taxation of Court Costs to the Prevailing Party, Pursuant to Rule 54(d), Fed.R.Civ.P.*

■ Rule 54(d), Fed.R.Civ.P. provides that "[c]osts may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Plaintiff has included in her motion for the allowance of reasonable attorney's fees, several items of expenses which should be made the subject of taxation of costs by the clerk.

For this reason, and without prejudice to taxation as items of costs by the clerk, subject to review by the court, the following items are disallowed on the motion for the allowance of reasonable attorney's fees, presently before the court, to-wit:

1. Service of Process of Original Complaint    $ 25.00
   [See 28 U.S.C. § 1920(1)]

2. Payment to Clerk of Court, United States District Court for the Southern District of Mississippi, Re: copy of case 4/17/79    3.50
   [See 28 U.S.C. § 1920(4)]

3. U.S. Marshal, Service of Process for Amended Complaint (11/7/79)    31.08
   [See 28 U.S.C. § 1920(1)]

4. B. L. Holman, Official Court Reporter, Transcript of Court Ruling at Preliminary Injunction Hearing (12/3/79)    23.25
   [See 28 U.S.C. § 1920(2)]

5. Cost of Transcripts of Depositions of Carol Cantrell, Betty Bardwell, Nolan Vickers and Joe Moseley (Golden Triangle Reporting Service)    652.60
   [See 28 U.S.C. § 1920(2)]

6. Witness fee and travel expenses to Betty Estes for trial    66.40
   [See 28 U.S.C. § 1920(3)]

7. Witness fee and travel expenses to Peggy Regl for trial    66.40
   [See 28 U.S.C. § 1920(3)]

8. B. L. Holman, Official Court Reporter, Transcript of Preliminary Injunction Hearing and Bench Opinion    214.85
   [See 28 U.S.C. § 1920(2)]

9. Copying (1,332 copies at $0.25 per copy)    333.00
   [See 28 U.S.C. § 1920(4)]

time duplicated the time of Mr. Minor and was not necessary for the adequate representation of plaintiff at said hearing.

B. *Expenses Incurred Other than Items to be Taxed Pursuant to Rule 54(d), Fed.R.Civ.P.*

While Section 1988 is silent as to allowances of expenses incurred by counsel in the representation of clients, this, and other courts, have held that such expenses as are reasonable and necessarily incurred in the clients interest and are customarily charged to clients by their attorneys, may be made a part of the award authorized by Section 1988.

### 1. *Travel Expense.*

On the two trips to the Northern District of Mississippi for the trials before the court, one to Greenville and the other to Oxford, counsel have charged for the charter hire of a plane. This expense is in excess of charges for motor transportation. Counsel justify the expenditures on the theory that the time of transportation is much lower by air than by land, resulting in the reduction of travel time for which a client is customarily charged. Where such a reduction is apparent, as is the case here, the court is inclined to agree. Accordingly, the two charges for air transportation, that is from Gulfport to Greenville for $696.84, and the other to Oxford for $587.50, will be allowed.

The payment to David T. Cobb, while a law student at the University of Mississippi for research and travel expenses from Oxford where the University is located, to Greenville for the preliminary injunction hearing on April 16, 1979, in the sum of $90.00 will be disallowed. The court finds that Mr. Cobb's attendance at the hearing was not reasonably necessary for adequate representation of plaintiff.

The following travel expenses appear to be reasonable and necessary and will be allowed:

a. Travel expenses for David T. Cobb for depositions of Carol Cantrell, Betty Bardwell, Nolan Vickers, and Joe Moseley (9/24 and 9/25/79) (including gasoline, two nights lodging in Starkville, and meals)    $124.50

b. Travel expenses for David T. Cobb for pre-trial conference in Aberdeen, Mississippi (including gasoline, lodging and meals)    85.62

### 2. *Payments to Other Attorneys for Services Rendered in Connection With the Case.*

Counsel submit a charge of $565.44, as due Coleman, Coleman & Coleman Attorneys at Law, West Point, Mississippi, for the preparation of Subpoena Duces Tecum, affidavits and Service of Documents and other work. Because of inadequate itemization of the charges, the court requested and counsel supplied additional evidence. It appears that the charge is erroneous in that it includes a charge by Coleman, Coleman and Coleman on an entirely different matter. Counsel has eliminated the erroneous charge amounting to $327.19 and request the allowance of $238.25, for charges pertaining to the action sub judice.

The court finds the charge in the sum of $238.25 to be proper. The same will be approved.

### 3. *Motel Expense—Lodging and Meals.*

Counsel submit a charge for motel expenses for Mr. Minor and Mr. Cobb, incurred at Oxford, Mississippi, while in attendance at trial. The statement rendered by the motel and paid by counsel amounts to $344.83, and consists of:

| | |
|---|---:|
| Rooms | $151.20 |
| Restaurant | 97.47 |
| Telephone | 96.16 |
| | $344.83 |

The long distance calls for which reimbursement is sought in a separate item amounting to $498.96 contains nine calls by Mr. Minor and Mr. Cobb to their Biloxi office, while in Oxford and engaged in the trial. These amount in the aggregate to $27.64.

It is evident that the telephone calls charged to the office phone, amounting to $27.64, and those charged to the motel rooms amounting to $96.16, were only indirectly connected with the trial of the action at Oxford. These were necessary, no doubt, because of other matters pending in the office at Biloxi. The court finds that the evidence does not justify the allowance of the telephone calls in toto.

The court will not approve as items of expense to be charged to the action sub judice, the telephone calls made from the motel.

The motel charges will be reduced by the amount of telephone calls, resulting in an allowance of $248.67.

#### 4. *Telephone Calls.*

 There is submitted as an out-of-pocket expense item, long distance calls amounting to $498.96. While there are numerous calls, they appear to be reasonable when considered in light of the residence of the client at Starkville, and the office of the attorneys in Biloxi. These charges appear to be reasonable and will be approved.

### SUMMARY

The court makes an award of reasonable attorney's fees and out-of-pocket expenses incurred by counsel on behalf of plaintiff, pursuant to 42 U.S.C. § 1988, as follows:

1. Attorney's fees:

|  |  |  |
|---|---|---|
| a. | Paul S. Minor | $6,918.75 |
| b. | Robert Gambrell | 480.00 |
| c. | David T. Cobb | 4,180.00 |
|  | TOTAL ATTORNEY'S FEES | $11,578.75 |

2. Out-of-Pocket Expenses by Paul S. Minor:

a. Travel Expenses:

|  |  |
|---|---|
| (1) Plane fare (Gulfport to Greenville, 4/12/79) | $ 698.84 |
| (2) Plane fare (Gulfport to Starkville and Oxford 4/20 and 4/23/80 – 2 trips) | 587.50 |
| (3) Travel for David T. Cobb to Starkville for depositions of Cantrell, Bardwell, Vickers and Moseley | 124.50 |
| (4) Travel for David T. Cobb for pretrial conference at Aberdeen | 85.62 |
| Total | $1,496.46 |

|  |  |  |
|---|---|---|
| b. | Telephone Calls | $ 498.96 |
| c. | Lodging and meals at Oxford by Minor, Cobb, during trial | 248.67 |
| d. | Legal expense to Coleman, Coleman & Coleman | 238.25 |
|  | Total | $ 985.88 |
|  | TOTAL OUT-OF-POCKET EXPENSES | $2,482.34 |

The allowances herein made are without prejudice to the taxation by the clerk on proper notice of Section 1920 cost items, as hereinbefore discussed.