William KNIGHTON, Plaintiff-Appellee Cross-Appellant,

v.

John C. WATKINS et al., Defendants-Appellants Cross-Appellees.

No. 79–1358
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 7, 1980.

Rehearing and Rehearing En Banc Denied June 17, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

W. V. Westbrook, III, Asst. Atty. Gen., Jackson, Miss., for plaintiff-appellee cross-appellant.

Ronald R. Welch, Gen. Counsel, Jackson, Miss., for amicus curiae, Miss. Prisoners' Defense Comm.

W. Wayne Drinkwater, Jr., Greenville, Miss., for defendants-appellants cross-appellees.

Before GEE, RUBIN and POLITZ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ After entering an order of settlement and dismissal in a section 1983 civil rights claim, the district court awarded attorney's fees to the plaintiff's lawyer under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The merits are now composed, and the only issues presented are whether any attorney's fee was warranted, and, if so, whether the fee awarded was excessive, as the state defendant contends, or inadequate, as the successful plaintiff's lawyer claims, or within the trial court's range of discretion, a middle course that is suggested by neither party because neither party seeks affirmance of the decision of the trial judge. We conclude that counsel's fees were due, but that the trial court did not allow adequately for the time spent and that the rate fixed fell below the minimum that sound discretion would warrant; we, therefore, vacate the

award and remand for the determination of adequate compensation including an allowance for services rendered on this appeal.

On two occasions in 1977, disciplinary actions were taken against William Knighton while he was prisoner in the custody of the Mississippi Department of Corrections. Knighton was sentenced to a total of forty days in punitive isolation, and the disciplinary misconduct was permanently recorded in his file. In October 1977, Knighton filed a rudimentary complaint pro se alleging that he had been denied due process. The magistrate granted Knighton leave to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(d),[1] appointed counsel from a panel of volunteer attorneys that had been formed under the auspices of the district court for the Northern District of Mississippi in order that both indigent persons and the court might have the benefit of counsel's services in cases challenging the conditions of prison confinement.

After research and investigation, appointed counsel negotiated a settlement with the defendants, officials of the Mississippi Department of Corrections: the findings of disciplinary misconduct were expunged from Knighton's file and the officials agreed to restore any good time credits that he had lost. Meanwhile, eight days before the order was signed, Knighton was paroled.

The one issue that could not be settled was counsel's fees. Plaintiff's counsel sought fees for all time spent calculated at the rate of $50 per hour; defendants contended that nothing had been accomplished by the litigation and no fee was due. After an evidentiary hearing, the magistrate entered an order fixing a fee of $30 per hour for all time spent except the hours required to litigate legal fees plus out-of-pocket expenses, making a total award of $800. He expressly considered the factors required by *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), but, instead of using the customary fee charged in the area, he stated, "The maximum hourly rate for strictly legal work in federal court litigation in the Northern District of Mississippi is $45.00 per hour; for work not of a strictly legal nature the rate of $35.00 per hour. *Neely v. City of Grenada,* 77 F.R.D. 484, 486 (N.D.Miss.1978)." The amount awarded was based on this standard. Both parties appealed the magistrate's order, and the district court affirmed it, but awarded an additional sum of $400 for services rendered on the hearing before the judge.

Because the motion for attorney's fees was filed more than ten days after the entry of judgment, there is some question whether it was timely. In *Stacy v. Williams,* 446 F.2d 1366 (5th Cir. 1971), we applied the ten-day limitation on motions to alter or amend a judgment, Fed.R.Civ.P. 59(e), to a motion for attorney's fees. *See also Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). However, the *Stacy* rule arose in the context of a request for attorney's fees based on the opponent's bad faith in the litigation, an equitable award of fees. The *Stacy* court explicitly noted that attorney's fees awarded under such circumstances were not part of the costs awarded after litigation, but should be sought as part of the litigation itself. In this case, attorney's fees are by statute part of the costs. Because they may be awarded only to prevailing parties, and in the discretion of the district court guided by the *Johnson* factors, attorney's fees under section 1988 will ordinarily be sought only after litigation. *See Gore v. Turner,* 563 F.2d 159, 163 (5th Cir. 1977). Thus, a motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e). *Cf.* Fed.R.Civ.P. 58 ("[e]ntry of the judgment shall not be delayed for the taxing of costs"). *See generally National Council of Community Mental Health Cen-*

---

1. That subsection reads:

   The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

ters, Inc. v. Weinberger, 387 F.Supp. 991, 994–95 n.3 (D.D.C.1974), *rev'd on other grounds sub nom., National Council of Community Mental Health Centers, Inc. v. Mathews,* 546 F.2d 1003 (D.C.Cir. 1976), *cert. denied, Wagshal v. Califano,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *Environmental Defense Fund, Inc. v. Froehlke,* 368 F.Supp. 231, 251–55 (W.D.Mo. 1973), *aff'd,* 497 F.2d 1340 (8th Cir. 1974). *Contra, Hirschkop v. Snead,* 475 F.Supp. 59 (E.D.Va.1979).

■ This conclusion is buttressed by the manner of handling proceedings pertaining to costs. "[I]t is generally understood that the appropriate time for taxing costs is after a decision has been reached in the action." 10 C. Wright and A. Miller, Federal Practice and Procedure § 2679, at 239 (1973); *see* 6 Moore's Federal Practice ¶ 54.77[9], at 1753 (2d ed. 1976). Rule 54(d) of the Federal Rules of Civil Procedure, which provides for the awarding of costs, does not specify a time in which the motion for costs must be made. It does specify the time in which an objection to an award must be made, but even that is not jurisdictional. *See* Moore's Federal Practice, *supra* at 1755. In cases to which section 1988 is applicable, it eliminates the general rule that attorney's fees may not be taxed as costs. Because Congress directed that attorney's fees under section 1988 be treated as costs,[2] there is no jurisdictional time limit on the filing of a motion seeking such fees. Thus, the district court could, in its discretion, entertain the motion for attorney's fees. Although the motion was made two months after the entry of the settlement order, the delay was the result of the plaintiff's counsel's determination to await the Supreme Court's decision in *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). This delay was prompted, in

part, by the defendants' assertion that they would seek to have a motion for attorney's fees held in abeyance until that decision was reached. Under the circumstances, it was not an abuse of discretion for the district court to decide the motion, and we have jurisdiction over this appeal from his decision. *See generally* Moore's Federal Practice, *supra* ¶ 54.77[9].

■ The enactment of section 1983 demonstrates solicitude for the individual and concern for his protection against the abuse of his constitutional rights by the state and its officialdom. The Civil Rights Attorney's Fees Awards Act makes the remedy meaningful. It requires the court to award fees to the prevailing party "unless special circumstances would render such an award unjust." S.Rep.No.94–1101, 94th Cong., 2d Sess. 4, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912. *Criterion Club of Albany v. Board of Commissioners of Dougherty County,* 594 F.2d 118, 120 (5th Cir. 1979); *Bunn v. Central Realty of Louisiana,* 592 F.2d 891, 892 (5th Cir. 1979); *see Gore v. Turner,* 563 F.2d 159, 163 (5th Cir. 1977).

The defendants-appellants assert that Knighton was not a prevailing party and that, even assuming he was, special circumstances render any award of attorney's fees and other costs unjust. They ask, therefore, that we overturn the award in its entirety.

■ The complaint filed by the plaintiff prior to the appointment of counsel sought, in addition to damages, a declaratory judgment that defendants had violated Knighton's due process rights and an injunction restoring any good time credits he lost and expunging the record of misconduct from his file. The settlement reached provided only the relief sought by injunction. Nevertheless, Knighton was the prevailing

---

**2.** We are aware that, while Rule 54(d) of the Federal Rules of Civil Procedure permits costs to be taxed by the clerk of court in the first instance, section 1988 allows attorney's fees to be added as part of the costs only in the discretion of the district judge, who must consider the *Johnson* factors before doing so. There will be, therefore, some distinction between the practice governing an award of other costs and that governing an award of attorney's fees under section 1988. We feel, however, that the problem can be handled best by local rule. It need not alter our judgment that motions for attorney's fees are not governed by the strict time limits of Rule 59.

party. A party may prevail for the purposes of section 1988, even though his claim is settled. *Brown v. Culpepper,* 559 F.2d 274, 277 (5th Cir. 1977); *accord, Gagne v. Maher,* 594 F.2d 336 (2d Cir.) *cert. granted,* —— U.S. ——, 100 S.Ct. 44, 62 L.Ed.2d 30 (1979).

■ The defendants contend that the relief was insignificant, but the entry of bad marks on a record can be considered trifling only to those who are not confined to an institution and to whom these marks do not threaten days, weeks or months of extra incarceration or denial of privileges. Should Knighton's parole be revoked, or should he be returned to prison for any other reason, the presence of misconduct charges in his permanent file could have an important influence on his treatment and the attitude of prison officials toward him. Even where the victory is only the vindication of the correctness of the plaintiff's position and, therefore, may be characterized as moral vindication, counsel's fees may be awarded. *Rainey v. Jackson State College,* 551 F.2d 672, 676–77 (5th Cir. 1977). Finally, there is indication that the relief sought was not meaningless in the fact that the defendants did not simply grant it and avoid litigation upon Knighton's complaints, rather than resist and force him to seek judicial relief.

Defendants are not required to lie supine when unmeritorious claims are presented. They are entitled to resist vigorously. The right to determined contest, however, has a concomitant duty: the obligation to pay reasonably for the effort that a defense exacts from opposing counsel if the claim proves to be meritorious.

■ The explicit provisions of 28 U.S.C. § 1915(d) refute the state's contention that the magistrate abused his discretion in appointing counsel initially. Pro se com-

plaints are typically inartful. If such a complaint has merit, the serious allegations must be separated from those that are frivolous and from the irrelevant commentary that is usually included. It is a service to the court for counsel to explain the applicable legal principles to the complainant and to limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate[3] with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendants. Frequently, as in the present instance, a lawyer can negotiate the settlement of a meritorious claim. If the case goes to trial, counsel for the plaintiff can shorten the trial and limit evidence to relevant issues, benefitting his client, opposing parties and the court. The value of counsel's services in the present case are indicated by the fact that the first step the Mississippi Attorney General, representing the defendants, took after counsel for plaintiff was appointed was to obtain an order permitting the defendants not to plead responsively until a "professionally drawn" amended complaint could be filed by counsel. The appointment of counsel was, therefore, not only authorized by the statute but was of benefit to the court and to the parties.

■ The defendants plead that the court should have abated fees because their budget is meager. Although *Johnson* standards do not include the defendants' ability to pay as a factor, we are not prepared to say that this is totally irrelevant. In this case it is of minor importance. As the Supreme Court has recognized, *see Hutto v. Finney,* 437 U.S. 678, 692–696, 98 S.Ct. 2565, 2575–77, 57 L.Ed.2d 522, 535–538 (1978), Congress intended defendant state governmental bodies, rather than prevailing par-

---

3. "The data . . . shows that 88.2% of all Mississippi State Penitentiary inmates have not finished high school, and 56.3% have less than a 9th grade education." *Stevenson v. Reed,* 391 F.Supp. 1375, 1379 (N.D.Miss.1975), *aff'd,* 530 F.2d 1207 (5th Cir. 1976), *cert. denied,* 429 U.S. 944, 97 S.Ct. 365, 50 L.Ed.2d 315 (1976). We also note the position taken by the Ameri-

can Bar Association in its "Standards Relating to the Defense Function," (approved draft 1971) that "justice is undermined when any party proceeds without a professional advocate." D. Nelson, *Cases and Materials on Judicial Administration and the Administration of Justice* 193 (1974).

ties, to bear the burden of civil rights litigation, even when budgets are small. *See Johnson v. Mississippi*, 606 F.2d 635, 637 (5th Cir. 1979). If indeed the defendants have modest means, they have an obligation to conserve the time of both their own, and opposing, counsel. Although the defendants may have difficult financial problems, by any measure Knighton is far more impoverished. Considering the relatively modest sums involved, we think the magistrate and district court properly refused to reduce the fees on account of the defendants' financial problems. *Cf. International Society for Krishna Consciousness, Inc. v. Collins*, 609 F.2d 151 (5th Cir. 1980) (ability of prevailing party to pay attorney's fees is not a "special circumstance" prohibiting award to that party).

▮▮ The district court allowed $400 for services rendered in defense of the defendant's appeal from the magistrate's recommendations. This award was not computed on an hourly basis. Although a court may award a lump-sum fee for services rendered before it on appeal, without making an hourly computation, *see, e. g., Universal Amusement Co. v. Vance*, 587 F.2d 159, 172–73 (5th Cir. 1978) *prob. juris. noted*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 295 (1979); *Davis v. Board of School Commissioners*, 526 F.2d 865, 869 (5th Cir. 1976), we cannot ascertain whether the allowance of $400 is intended to compensate counsel for all time spent defending the appeal or only for time spent on oral argument. Moreover, the district court did not address any *Johnson* criteria in making the award. Therefore, we must vacate this portion of the award.

▮▮ We turn now to the cross appeal, which questions the court's failure to compensate counsel for the time spent in litigating the amount of counsel's fees before the magistrate and the adequacy of the fee of $30 per hour. It is now settled that the lawyer must be paid for the effort entailed in securing compensation. *Johnson v. Mississippi*, 606 F.2d 635, 637–38 (5th Cir. 1979).

In reviewing the amount of the fee awarded, our jurisprudence bids us pay full regard to the trial court's discretion in fixing compensation. *See Davis v. Fletcher*, 598 F.2d 469 (5th Cir. 1979); *Norwood v. Harrison*, 581 F.2d 518 (5th Cir. 1978); *Weeks v. Southern Bell Telephone & Telegraph Co.*, 467 F.2d 95 (5th Cir. 1972). In applying *Johnson* standards, the trial court must guard against mulcting defendants. However, the court must also take care against parsimony to prevailing counsel. One of the purposes of the Civil Rights Attorney's Fees Awards Act is to assure competent representation for those who engage counsel to safeguard their civil rights.

*Johnson* commands attention to customary fees in the locality. Instead of taking into account the customary fees private counsel usually charge for similar work, as demonstrated by the testimony and its own knowledge of local conditions, the court started with a maximum hourly rate as an absolute limit on the fee award, a ceiling that it has imposed in the past, see *Cole v. Tuttle*, 462 F.Supp. 1016, 1021 (N.D.Miss. 1978) and cases cited therein, and it adjusted fees downward from that amount.

*Johnson* does not permit a district court to translate its notion of a customary fee into an inflexible maximum. Congress intended "that the amount of fees awarded under [section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary in nature." S.Rep. 94–1011, 94th Cong., 2d Sess. 6, *reprinted in* [1976] U.S. Code Cong. & Admin.News, pp. 5908, 5913.

Affidavits from two attorneys admitted to practice in the Northern District of Mississippi state that in 1978 a reasonable hourly fee for handling such litigation in that court was $50. We have ourselves recently approved an award of $65 to $75 per hour for similar litigation. *Brown v. Culpepper*, 559 F.2d 274 (5th Cir. 1977). There is no evidence in the record of a lower customary fee. Moreover, the district judge failed to take into account the fact that the fee was contingent. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th

Cir. 1974). *See also Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 117 (3rd Cir. 1976) (en banc) (attorney's fees in antitrust action may be increased above normal amount where fee is contingent).)

 This is not a case in which substantial time was spent developing issues on which the plaintiff did not prevail. All of the legal services rendered were related to developing the facts surrounding the violation of Knighton's constitutional rights, conducting legal research concerning those rights and negotiating and preparing the Order of Settlement and Dismissal that was ultimately entered. The defendants make no claim that the legal services performed could reasonably have been accomplished in a shorter time. Since "[i]n computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter,'" S.Rep. 94–1101, 94th Cong., 2d Sess. 6, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5913, Knighton's counsel is entitled to an adequate compensation for all services performed in obtaining the relief granted, including time spent on the attorney's fee issue before the magistrate and on appeal to the district judge and to this court. Fifty dollars per hour is a reasonable amount for this work in light of the factors discussed.

It is not clear whether the district judge awarded plaintiff attorney's fees for all time spent defending the magistrate's order or only for services rendered during oral argument. Although we have the power to enter an award for services in this court, *Davis v. Board of School Commissioners*, 526 F.2d 865, 868 (5th Cir. 1976), we deem it appropriate instead to remand for a determination of the hours spent on this appeal. We therefore vacate the award and remand for proceedings consistent with this opinion.

VACATED and REMANDED.