**William TINDALL, d/b/a Christine's Pizza, Plaintiff,**

v.

**LIT REFRIGERATION CO., INC., Defendant.**

**No. DC 79–129–OS–O.**

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 5, 1980.

Leigh A. Rutherford, Huggins & Brown, Southaven, Miss., for plaintiff.

Christian T. Goeldner, Southaven, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is presently before the court on plaintiff's motion for allowance of attor-

ney's fees and litigation expenses[1] pursuant to 42 U.S.C. § 1988. The record in this case reveals that a non-jury trial was conducted on August 4 and 5, 1980. At the conclusion of the case, the court rendered a bench opinion granting plaintiff judgment against defendant Lit Refrigeration Co., Inc., in the amount of $2,575.00. The final judgment was entered by the court on August 6, 1980.

In its bench opinion, the court held that plaintiff's Fourteenth Amendment rights were violated when the defendant Lit, through judicial process, seized certain property in the plaintiff's possession without giving proper notice and the opportunity to be heard. Therefore, plaintiff was entitled to recover damages from defendant Lit under 42 U.S.C. § 1983, and in turn, is entitled to recover attorney fees and litigation expenses from defendant Lit pursuant to 42 U.S.C. § 1988.

It is within the discretion of the trial court to allow the prevailing party in an action to enforce a provision of 42 U.S.C. § 1983, a reasonable attorney fee as part of the costs. 42 U.S.C. § 1988. There is no question but that the plaintiff in this action is a prevailing party within the meaning of Section 1988. Additionally, there are no "special circumstances" in this action which would render such an award unjust. *See, Knighton v. Watkins*, 616 F.2d 795, 798 (5th Cir. 1980); *Bunn v. Central Realty of Louisiana*, 592 F.2d 891, 892 (5th Cir. 1979). It is the opinion of the court that the plaintiff is entitled to an award of an attorney's fee in this action. Therefore, the only remaining question to be decided is what amount will constitute a "reasonable attorney's fee".

In exercising its discretion in setting a reasonable fee, the court is mindful that it must be guided by the twelve criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[2] and that it must articulate its reasons for the particular award so that its discretion may be subject to some meaningful review. *See, Davis v. Fletcher*, 598 F.2d 469, 470 (5th Cir. 1979). Plaintiff's counsel has submitted an affidavit in support of her motion for attorney's fees and litigation expenses which includes an itemized account of the work performed. The actual time records, if any exist, have not been submitted. Defendant Lit's counsel has submitted an affidavit in response to the motion which includes copies of his actual time records in this case. In her affidavit, plaintiff's counsel claims to have expended a total of 230 hours on this case.[3] For purposes of analysis, the hours claimed by counsel, as reflected in her affidavit, will be divided into the categories of pre-trial time, trial time, and post-trial time. In evaluating the hours claimed to have been expended by

---

1. The costs allowable under 28 U.S.C. § 1920, have already been taxed by the clerk of the court. Therefore, the only litigation expenses before this court for consideration are the mileage and meal expenses claimed by plaintiff's counsel.

2. The twelve criteria established in *Johnson* are:
   (1) The time and labor required.
   (2) The novelty and difficulty of the questions.
   (3) The skill requisite to perform the legal service properly.
   (4) The preclusion of other employment by the attorney due to acceptance of the case.
   (5) The customary fee.
   (6) Whether the fee is fixed or contingent.
   (7) Time limitations imposed by the client or the circumstances.
   (8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.
(10) The "undesirability" of the case.
(11) The nature and length of the professional relationship with the client.
(12) Awards in similar cases.

3. The affidavit filed by defendant's counsel in response to this motion contain the actual time records kept by him in this matter. Those records reveal that the defendant's counsel expended 54.4 hours in defending this action. While the amount of time expended by plaintiff's and defendant's counsel on a particular case are not necessarily comparable, the discrepancy between the time claimed by the plaintiff and the time expended by the defendant's counsel lend support to this court's conclusion that 230 hours is an exhorbitant and unreasonable amount of time to spend in preparing and litigating this case.

counsel, the court is mindful of the Fifth Circuit's admonition in *Johnson* that the trial court should "weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." 488 F.2d at 717.

Counsel claims to have expended 148 hours in the pre-trial preparation of this case.[4]

Of this amount, approximately 50 hours were devoted to correspondence and telephone and personal conferences, 12.2 hours to preparation of pleadings, 13 hours for discovery, 37.4 hours to the pre-trial conference, 12.4 hours to research, and 23 hours to drafting the proposed findings of fact and conclusions of law.

Of the 50 hours claimed by counsel for correspondence and telephone and personal conferences, 35 of those hours were devoted to such activity with the plaintiff. It is apparent from counsel's affidavit that much of this 35 hours was required due to the client's lack of cooperation. Defendant Lit should not be required to pay for time expended in this manner. It is the court's opinion, therefore, that the 35 hours devoted to pre-trial correspondence and telephone and personal conference with the client should be reduced from 35 hours to 10 hours.

With regard to counsel's claim for 12.2 hours in the preparation of pleadings, the court finds that all of this time should be allowed with the exception of the 3.5 hours allegedly expended in preparing a consent order for an enlargement of time. Based on its own knowledge and experience, the court is of the opinion that 0.5 hour is a reasonable allowance for preparing such an order. Therefore, counsel's time expended for preparation of pleadings is reduced from 12.2 hours to 9.2 hours.

Counsel claims to have devoted 37.4 hours to the pre-trial conference. This includes preparation for and attendance at the conference, as well as preparation of the pre-trial order. The court, based on its own knowledge, experience, and expertise, is of the opinion that this is an unreasonable and exhorbitant amount of time to expend on a pre-trial conference, and that 15 hours is a more reasonable allowance.[5]

Counsel also claims to have expended 23 hours in the preparation of proposed findings of fact and conclusions of law. Again, the court, based on its knowledge, experience and expertise, is of the opinion that this is an unreasonable amount of time to spend on this particular task. The court finds that an allowance of 10 hours for the preparation of proposed findings of fact and conclusions of law is reasonable.

The court finds that the 13 hours claimed to have been expended for discovery and the 12.4 hours for research are reasonable and should be allowed.

In addition to the reductions hereinabove made, the court is of the opinion that a further reduction should be made in counsel's pre-trial time to reflect that much of that time was spent in preparing and developing the case against defendant Brown. Although 20 hours has already been subtracted from the time claimed by counsel to reflect time spent in negotiating and execu-

---

4. In her affidavit, counsel lists total pre-trial time as 168 hours. However, the itemized time shown in the affidavit reveals that 20 hours of this time was devoted to negotiating and executing a settlement of the plaintiff's claim against defendant Sheriff Brown, who had been named as a party defendant in the complaint but was dismissed prior to the commencement of the trial. The court is of the opinion that defendant Lit should not be required to compensate counsel for the time expended solely to resolve the dispute with defendant Brown. Therefore, the total pre-trial time claimed in the action against Lit is 148 hours.

5. Counsel for defendant Lit's actual time records, reveal that he spent 13 hours on preparation for the pre-trial conference, attendance at the conference, and preparation of the pre-trial order. Again, while the court is mindful that the time one counsel spends on a particular matter is not necessarily indicative of the time another counsel should spend on the same or similar matter, the stark contrast between the time claimed by counsel for plaintiff (37.4 hours) and the time claimed by counsel for the defendant (13 hours) certainly supports this court's conclusion that 37.4 hours is an exhorbitant and unreasonable amount of time, and that 15 hours is a more reasonable allowance.

ting the actual settlement with Brown, the court concludes that a further reduction is necessary to reflect time spent in the preparation of pleadings, research, discovery, etc., as it relates to the claim against Brown. Defendant Lit should not be required to pay for the time expended in this manner. The court concludes that a further reduction of total pre-trial time from 84.6 hours to 45 hours would accurately reflect the time expended in preparing and developing plaintiff's claims against defendant Lit.

Counsel, in her affidavit, lists 52.5 hours for trial time in this action. The courtroom minutes reveal that this trial was commenced on August 4, 1980, at 2:00 P.M., and was concluded on August 5, 1980, at 4:15 P.M. Therefore, the court is of the opinion that 10 hours is a reasonable allowance for trial time. Finally, counsel claims to have expended 9.5 hours in the preparation of the bill of costs. Based on its knowledge, experience, and expertise in this area, the court is of the opinion that 5 hours is a more reasonable allowance for the performance of this task.

As previously mentioned, this action was one for seizure of the plaintiff's property without adequate notice or opportunity to be heard. It involved no novel or difficult questions of law, but was an ordinary, run-of-the-mill, Section 1983 and Fourteenth Amendment case. Although counsel is a recent law school graduate and this was her first case in Federal Court, she did an adequate job in representing her client's interest and obtained a favorable result.

Counsel, in her affidavit, asserts that this was an undesirable case because it involved a suit against the Sheriff of DeSoto County. However, this is not a relevant consideration with regard to the case against the defendant Lit. As previously mentioned, the claim against the Sheriff was settled and he was dismissed from the suit prior to the trial. Defendant Lit should not be forced to pay because the action against a co-defendant may have been unpopular. In addition, when the *Johnson* court referred to the undesirability criteria, it was refer-

ring to unpopular causes, not to actions which are unpopular solely because of the individual being sued, regardless of the nature of the cause. There is no evidence that counsel experienced difficulties or hardships in the community because of any undesirable feature of this case. In fact, counsel, in her affidavit, admits that the representation of Mr. Tindall in this action did not preclude her or her firm from other employment.

Counsel in her affidavit request that she be allowed a fee of $50.00 per hour. No affidavits have been submitted from other attorneys that such a fee is the customary fee for similar work in the community. Rather, counsel relies solely on the recent Fifth Circuit opinion in *Knighton v. Watkins* as establishing $50.00 per hour as a reasonable rate for attorney's fees in due process cases. 616 F.2d 795, 800 (5th Cir. 1980). This reliance on *Knighton* is misplaced. *Knighton* stands for the proposition that the court must look to the customary fee as established by affidavits and evidence, and may not set a rigid maximum hourly rate. It does not stand for the proposition that all lawyers in all due process cases are entitled to a fee of $50.00 per hour.

Counsel also asserts in her affidavit that her arrangement with plaintiff originally called for him to pay her $60.00 per hour. However, when plaintiff could not pay this fee, the arrangement was changed to a contingent fee. There is no evidence of any particular contingent fee contract, or of the terms of this alleged agreement between counsel and her client.

In *Johnson*, the court recognized that whether a fee is fixed or contingent may be helpful in ascertaining the attorney's fee expectation in accepting the case, but that such an arrangement between attorney and client is not controlling. Rather, the controlling factor is what is a reasonable fee.[6] 488 F.2d at 718.

The court is of the opinion, based on its own knowledge of customary fees in the community for work of this type, awards

---

**6.** The court in *Johnson*, in discussing the criteria of whether the fee arrangement between

counsel and client is fixed or contingent, also noted that "[i]n no event, however, should the

made in similar cases in this district, and the evidence and circumstances in this case, that $50.00 per hour is a reasonable allowance. The court further concludes, based on all three factors, that 60 hours is a reasonable allowance for time expended in preparing and litigating this action.

Therefore, plaintiff is entitled to an award of attorney's fees in the amount of $3,000.00.

Counsel also requests the allowance of litigation expenses. As previously noted, with the exception of the allowance for meals and traveling, the litigation expenses have been taxed by the clerk of the court, pursuant to 28 U.S.C. § 1920. Counsel seeks compensation for travel and meals for the two trial days in the amount of $65.50. The court is of the opinion that such an allowance is reasonable and should be allowed.

An order will be entered accordingly.

litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." 488 F.2d at 718. Since there is no evidence before the court as to the terms of the alleged contingent fee agreement between plaintiff and his counsel, if any existed, the court cannot properly apply this admonition by the *Johnson* court, and must base its award on what it considers a reasonable fee under all the circumstances.

The court does note, however, that if the plaintiff and counsel did have a contingent fee agreement, counsel, under that agreement, would recover substantially less from her client than this court is awarding her. Since plaintiff's judgment in this action was for $2,575.00, even if the contingent fee agreement provided for counsel to receive 50% as attorney fees, this would only amount to $1,287.50.