Fred SCOTT and Bernard J. Blau, Appellants,

v.

CAMPBELL COUNTY BOARD OF EDUCATION, and George Kees, Jr., Lawrence J. Schulkens, Hubert Moore, Robert Huber, David Adams, Charles E. McCormick, and Ronald McCormick, Appellees.

Court of Appeals of Kentucky.

July 10, 1981.

HOGGE, Judge.

Fred Scott and his legal counsel, Bernard J. Blau, appeal from a judgment of the Campbell Circuit Court denying an award of attorney's fees for Blau's representation of Scott in his suit for reinstatement as a teacher. The suit was brought against the Campbell County Board of Education and various school officials, all of whom are appellees in this case. Scott alleged that the appellees had violated his constitutional rights guaranteed by the due process clause of the Fourteenth Amendment, and sought relief pursuant to 42 U.S.C. § 1983, including the award of a reasonable attorney's fee. 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, or 1986 of 42 U.S.C., "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." This language is the same as that employed in 42 U.S.C. § 2000a–3(b), regarding attorney's fees in Title II suits, which the United States Supreme Court has interpreted as requiring that a prevailing plaintiff "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1266 (1968).

Numerous courts have held that state courts exercise concurrent jurisdiction with federal district courts over cases arising under 42 U.S.C. § 1983 and related civil rights statutes. E.g., *Bennun v. Board of Governors of Rutgers, State University of New Jersey*, 413 F.Supp. 1274 (D.C.N.J. 1976); *Vason v. Carrano*, 31 Conn.Sup. 338, 330 A.2d 98 (1974). In *Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 at n.7 (1980) the Supreme Court of the United States recognized that such a concurrent exercise of jurisdiction appears proper in view of the fact that Congress gave a penalty to the aggrieved party, but did not specify a particular remedy for its enforcement. The Supreme Court did not consider the question as to whether a state *must* entertain a claim under § 1983; however, it did note that where the same type of claim, if arising under state law, would be enforced in the state courts, the state courts are generally not free to refuse the enforcement of the federal claim.

In this appeal, appellee does not appear to question that the assertion that 42 U.S.C. § 1988 is applicable to this case, that the litigation involves deprivation of constitutional rights, or that appellant was the prevailing party. The sole issue of controversy is whether the appellants have lost any rights to attorney's fees which they may have had by reason of their failure to act in a timely fashion.

The original suit in this litigation was filed on July 1, 1976. On March 30, 1977, the Campbell Circuit Court entered a judgment which determined that the Board violated Scott's constitutional rights and did not observe due process. On November 15, 1977, a final judgment was filed awarding damages against the Board and the individual defendants. Although neither judgment discussed the matter of attorney fees, the appellants raised no objection. On appeal, the judgment of the Campbell Circuit Court was affirmed and a mandate issued on March 16, 1979.

On April 9, 1980, appellants obtained a garnishment order in an effort to collect from the Board's bank the damages awarded in the circuit court judgment. A motion to quash the garnishment on grounds of sovereign immunity was overruled. On appeal, the order denying the motion to quash was affirmed, and a second mandate was issued on April 3, 1980.

On May 16, 1980, Fred Scott and his attorney moved for an award of reasonable attorney's fees. The statement of services rendered accompanying the motion covered both services during the initial litigation and services after the issuance of the first mandate.

The appellees contend that the appellants' motion came too late. They cite *Hirschkop v. Snead*, 475 F.Supp. 59 (E.D. Va.1979), wherein it was held that a district court lacks jurisdiction to award discretionary costs such as attorney fees after the filing of a notice of appeal where the court's discretion as to costs depends on the merits of the case. They also note that Rule 59.05 of the Kentucky Rules of Civil Procedure provides that a motion to alter or amend a judgment is to be served not later than ten days after entry of the final judgment. Appellants cite *Gore v. Turner*, 563

F.2d 159 (5th Cir.1977), holding that under 42 U.S.C. § 1988, attorney's fees need not be determined until after a decision on the merits.

This is a case of first impression in Kentucky, and there appears to be a split of authority in the federal courts. The Fifth Circuit Court of Appeals takes the position that a motion for attorney's fees under 42 U.S.C. § 1988 is not a motion to alter or amend a judgment, and is not therefore limited to the time permitted for such motions, as they state in *Van Ooteghem v. Gray*, 628 F.2d 488, 497 (5th Cir.1980):

Attorney's fees are recovered as part of costs in § 1983 actions; as such, they may be and, in order not to delay the trial on the merits, often should be proven after a decision in the principal case has been reached. *See Gore v. Turner*, 563 F.2d 159, 163 (5th Cir.1977). A motion for fees is not a motion to alter or amend the judgment, *Knighton v. Watkins*, 616 F.2d 795 (5th Cir.1980), and therefore, does not require a reconsideration of the judgment.

However, the First Circuit has reached an opposite conclusion recently in *White v. New Hampshire Department of Employment Security*, 629 F.2d 697 (1st Cir.1980). The Court stated that a final judgment ordinarily signifies the final resolution, subject to appeal, of all claims raised in a lawsuit. New claims may thereafter be advanced and old ones reinstated only pursuant to rules providing for the reopening of the judgment. As to the argument that because Congress directed that attorney's fees be treated as costs, there is no jurisdictional time limit on filing a motion seeking such fees, the court did not believe that attorney's fees were within those routine types of costs recoverable after judgment. *See also Gary v. Spires*, 634 F.2d 772 (4th Cir.1980), holding that it was error to grant defendants an award of attorney's fees pursuant to 42 U.S.C. § 1988 where they deferred their demand for such fees until after expiration of the appeal period. The court in *Gary* noted that a decision not to appeal may rest upon a consideration of the expense of review.

It is our opinion that the line of authority represented by *White, supra,* and *Gary, supra,* is the more persuasive. This is particularly true in view of the fact that in Kentucky we lack a counterpart of F.R.C.P. 58, which was one of a number of factors influencing those courts which took the position that the matter of attorney's fees could be considered after a decision on the merits. That rule states that "entry of the judgment shall not be delayed for the taxing of costs." We hold that the circuit court did not abuse its discretion in denying appellants' motion for attorney's fees pursuant to 42 U.S.C. § 1988.

The judgment of the Campbell Circuit Court is affirmed.

All concur.