Fate WHITEN

v.

RYDER TRUCK LINES, INC., et al.

Civ. A. No. 77–332–B.

United States District Court,
M. D. Louisiana.

Aug. 31, 1981.

John H. Taylor, Taylor, Raggio & Sutherland, Baton Rouge, La., for plaintiff.

John W. Perry, Jr., Daniel R. Atkinson, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the defendant, Ryder Truck Lines, Inc. (Ryder), for attorney's fees and costs. The plaintiff filed this suit in 1977 alleging racial discrimination in employment in violation of various civil rights statutes and constitutional amendments. In January of 1978, United States District Judge E. Gordon West issued an order dismissing all of the plaintiff's claims except the Title VII claim against Ryder. Ultimately, in December of 1980, this Court granted Ryder's motion for summary judgment and dismissed the plaintiff's Title VII claim with prejudice at plaintiff's cost. Ryder now seeks attorney's fees and costs incurred in defending this action.

The first issue to be considered by this Court is plaintiff's claim that Ryder's motion for attorney's fees and costs was not timely filed. The applicable statutes the Court must apply in this case are 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988.

42 U.S.C. § 2000e–5(k) provides:

"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

42 U.S.C. § 1988 provides:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

The plaintiff contends that this motion should have been filed before final judgment, or in the alternative, within the applicable time limits for filing a motion for new trial or to reopen a judgment. The plaintiff relies on *White v. N. H. Dept. of Employment Sec.*, 629 F.2d 697 (1 Cir. 1980), which held that a fees award under 42 U.S.C. § 1988 should be raised prior to final judgment, and may be presented after judgment only within the delays prescribed for filing the proper post-judgment motion. However, the Fifth Circuit Court of Appeals in *Knighton v. Watkins*, 616 F.2d 795 (5 Cir. 1980), has taken an opposite view. The Fifth Circuit stated:

"In this case, attorney's fees are by statute part of the costs. Because they may be awarded only to prevailing parties, and in the discretion of the district court guided by the *Johnson [v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5 Cir. 1974)] factors, attorney's fees under section 1988 will ordinarily be sought only after litigation. See *Gore v. Turner*, 563 F.2d 159, 163 (5 Cir. 1977). Thus, a motion for attorney's fees is unlike a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." [Citations omitted] . . . "Rule 54(d) of the Federal Rules of Civil Procedure, which provides for the awarding of costs, does not specify a time in which the motion for costs must be made. It does specify the time in which an objection to an award must be made, but even that is not jurisdictional [Citation omitted] . . . In cases to which section 1988 is applicable, it eliminates the general rule that attorney's fees may not be taxed as costs. Because Congress directed that attorney's fees under section 1988 be treated as costs, [Footnote omitted] there is no jurisdictional time limit on the filing of a motion seeking such fees." 616 F.2d at 797, 798.

Since the Court's decision in *Knighton*, the Fifth Circuit has been very clear in following *Knighton*, and holding that a motion for attorney's fees filed pursuant to section 1988 will not be treated as a motion to alter or amend the judgment. *Van Ooteghem v. Gary*, 628 F.2d 488 (5 Cir. 1980); *Jones v. Dealers Tractor and Equipment Co.*, 634 F.2d 180 (5 Cir. 1981). In this case, the defendant filed this motion on March 2, 1981, nearly three months after the judgment was entered in this case on December 8, 1980. Since the Fifth Circuit has held that two months is a reasonable time after the entry of judgment to file a motion for attorney's fees, this Court concludes that the instant motion was timely filed.

It is well settled that a prevailing defendant in a Title VII action may be awarded attorney's fees only when the plaintiff's claim is "frivolous, unreasonable, or groundless, or . . . plaintiff continued to litigate after it clearly became so". *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Christiansburg Garment Co. v. E. E. O. C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Church of Scientology of California v. Cazares*, 638 F.2d 1272 (5 Cir. 1981); *Jones v. Dealers Tractor and Equipment Co.*, supra; *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5 Cir. 1980); *Crawford v. Western Elec. Co., Inc.*, 614 F.2d 1300 (5 Cir. 1980); *E. E. O. C. v. First Alabama Bank of Montgomery N. A.*, 595 F.2d 1050 (5 Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5 Cir. 1978). It is also clear that the Christiansburg standard is also applicable to claims under 42 U.S.C. § 1988 for attorney's fees. *Jones v. Dealers Tractor and Equipment Co.*, supra; *Crawford v. Western Elec. Co., Inc.*, supra.

After a careful review of the record in this case, this Court finds that plaintiff's claims were frivolous and groundless at the time the suit was filed and that plaintiff continued to litigate this suit even after the discovery and court rulings revealed that the allegations in this suit were frivolous and groundless. The plaintiff contends that the determination letter issued by the E.E.O.C. stating that there is a reasonable cause to believe that the plaintiff has suffered a violation of his civil rights, and the right to sue letter also issued by the E.E.O.C. are indicia of the fact that the plaintiff believed that he had reasonable grounds to file this suit. In the alternative, the plaintiff argues that he should not be punished for the actions of his attorneys and if attorney's fees should be awarded, the attorney's fees should be taxed against the plaintiff's former attorneys pursuant to 28 U.S.C. § 1927.

It is clear that many of the plaintiff's original claims were groundless. In January of 1978, Judge E. Gordon West characterized the plaintiff's complaint accordingly:

"Counsel for the plaintiff have attempted to invoke the jurisdiction of this Court by citing just about every statute and every constitutional amendment that came to their minds, whether those statutes or amendments were pertinent or not. They have simply taken a 'shotgun approach' which this Court strongly condemns and because of which this Court should probably dismiss this entire suit and require the plaintiff to begin anew . . .

The claims made by the plaintiff under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988 are all either prescribed or totally inapplicable. Also the Plaintiff's claims under the First, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution of the United States are dismissed as having not been properly set forth in this complaint."

Subsequent to the dismissal of the aforementioned claims, only the Title VII claim remained. At numerous times the *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) case and its ramifications were discussed by counsel and the Court. This Court in dismissing the Title VII claim stated:

"Under the facts of this case, there has been no showing of discrimination on the part of Ryder. All of the decisions made

by Ryder were based on and required by business reasons and were not discriminatory.... The undisputed facts of this case clearly show that Ryder had no practice or even an isolated instance of disparate treatment among its employees. The facts do show that Ryder carried out its hiring, discharge, compensation, promotion and other employment practices fairly and without regard to race. Moreover, the seniority system which plaintiff challenges in this case is the same seniority system which was approved by the United States Supreme Court in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)."

In *Christiansburg*, the Supreme Court cautioned the district judges to avoid reaching conclusions that because a plaintiff did not prevail, his action must have been unreasonable or without foundation. In this action, the plaintiff's discrimination claim based upon the seniority system was totally unreasonable because of the *Teamsters* opinion. The very same seniority system involved in the *Teamsters* case was involved in this case. Furthermore, there was absolutely no evidence submitted by the plaintiff to support a claim under Title VII for racial discrimination. Moreover, the Court's ruling that the §§ 1981, 1982, 1983, 1985, and 1986 claims had prescribed or were totally inapplicable, indicate the unreasonable grounds upon which the plaintiff pursued this action.

The plaintiff's alternative contention that his previous attorneys should be assessed the attorney's fees incurred in this matter is without merit. 28 U.S.C. § 1927 provides that lawyers who multiply the court proceedings vexatiously may be assessed the excess costs they create. In *Roadway Exp., Inc. v. Piper*, supra, the United States Supreme Court held that the civil rights statutes cannot be read into § 1927, and refused to tax attorney's fees pursuant to the civil rights laws against the plaintiff's counsel.

The Court must now determine the amount of attorney's fees to be award-ed in this action. It is well settled that the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5 Cir. 1974) are controlling in this case. Although *Johnson* was a Title VII case, the same criteria are used in claims brought pursuant to the Civil Rights Attorney's Fees Awards Act. *Harkless v. Sweeny Independent School Dist., Sweeny, Texas*, 608 F.2d 594 (5 Cir. 1979); *Wells v. Hutchinson*, 499 F.Supp. 174 (E.D.Tex.1980). In addition to the factors considered by the Court, the amount of attorney's fees authorized in this case is left largely to the discretion of the trial court. *Jones v. Armstrong Cork Co.*, 630 F.2d 324 (5 Cir. 1980); *Harkless v. Sweeny Independent School Dist., Sweeny, Texas*, supra. The twelve factors set forth in *Johnson* which must be considered by the Court are:

1) The time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

An analysis of these twelve factors is now necessary in determining what amount is reasonable. The defendant has filed an itemized record of the time expended by lead and local counsel in this action. The defendant claims that very few of the hours shown in Exhibit A of this motion were duplicated. As counsel agree, this case did not present novel legal issues nor did it present difficult questions. However, this Court must point out that discovery was quite extensive in covering all the claims initiated by the plaintiff. The defendant's attorneys exhibited more than the average skill required in handling cases of this na-

ture. The defendant's lead counsel, in fact, handles the defense of civil rights cases on a routine basis. The fees charged by counsel for the defendant in this case are within the parameters of similar fees charged in similar cases. In addition, in light of the experiences and ability of the attorneys involved, the fees are obviously adequate. Although the majority of the plaintiff's claims were disposed of at early stage of the litigation, the work indicated by the records of defense counsel and the results obtained in this case show that much preparation and research went into this case.

The Court is aware that one of the purposes of the Civil Rights Attorney's Fees Awards Act is to assure competent representation for those who engage counsel to safeguard their civil rights. See *Knighton v. Watkins*, supra. Congress intended that the amount of fees awarded in these types of cases should be governed by the same standards which govern other equally complex cases.

Finally, the Court must note that although the defendant has submitted a certain number of hours for which it seeks to have its counsel compensated, the Court is not bound by these hours nor is the Court required to compensate the defendant for each hour listed. Furthermore, the ability of the plaintiff to pay the award has been taken into consideration by the Court.

Having carefully considered the entire record in this case, the Court finds that defendants are entitled to recover an attorney's fee of Seven Thousand Five Hundred Dollars ($7,500.00) in this action. This fee shall compensate all of the counsel who represented the defendant herein. While the fee awarded by the Court is lower than that claimed by the defendant, the Court feels that this fee should adequately compensate counsel for the work expended herein. The additional hours spent by counsel may have been logged, but the Court believes that 100 hours of pretrial preparation were more than' sufficient to prepare this case for trial.

In addition to attorney's fees, the defendant is entitled to recover the sum of One Thousand Two Hundred Eighty-Three Dollars and 05/100 ($1,283.05) in costs and expenses incurred for depositions, travel, docket fees and telephone expenses.

Therefore:

IT IS ORDERED that judgment be rendered in favor of Ryder Truck Lines, Inc. and against the plaintiff Fate Whiten, in the sum of Eight Thousand Seven Hundred Eighty-Three Dollars and 05/100 ($8,783.05) together with legal interest from the date of judgment until paid.

Judgment shall be entered accordingly.