**Sharon NEIDHARDT, Joseph Tardo, and Maria Marino, Plaintiffs-Appellees,**

v.

**D.H. HOLMES CO., LTD., Defendant-Appellant.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**D.H. HOLMES CO., LTD., Defendant-Appellant.**

**No. 81–3139.**

United States Court of Appeals, Fifth Circuit.

April 1, 1983.

David L. McComb, G. Phillip Shuler, New Orleans, La., for defendant-appellant.

Herman M. Schroeder, New Orleans, La., for Tardo & Marino.

Karen MacRae Smith, E.E.O.C., Washington, D.C., for EEOC.

Before GOLDBERG, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

Once more a panel of this Circuit confronts the continuing saga of *EEOC v. D.H. Holmes Co., Ltd.* (a.k.a. *Neidhardt v. D.H. Holmes Co., Ltd.*). In the last installment, which was unpublished, a panel assessed appellate costs and attorneys' fees against three individual intervenors-appellants because they brought a frivolous appeal of the district court's decision on the merits. On remand for a determination of these costs, D.H. Holmes Co., Ltd. ("Holmes") also explicitly requested, for the first time since judgment was entered, attorneys' fees for previous district court proceedings. The district court determined appellate costs and fees, but denied the request for other attorneys' fees. Holmes appeals. We vacate and remand.

The Equal Employment Opportunity Commission ("EEOC") filed suit against Holmes in 1975 alleging sex discrimination in Holmes' employment practices. The genesis of the case was related allegations of sexual harassment of Maria Marino and Sharon Neidhardt, employees at Holmes' Lakeside store in Metairie, Louisiana. For disposition of this appeal, we need not recite in detail the procedural and factual history of the case. It is sufficient to state that the trial court ultimately found that Neidhardt and Marino had fabricated the alleged incidents. It therefore dismissed the claims of the EEOC and the individual intervenors. After the frivolous appeal mentioned earlier, the issue that confronts us now arose.

The district court dismissed plaintiffs' claims on October 17, 1979. The EEOC did not appeal. This Circuit held the appeal of the individual intervenors was frivolous on August 7, 1980. On October 21, 1980, Holmes filed a motion in the district court seeking recovery from the EEOC and the individual intervenors of nearly $100,000 in attorneys' fees for work done not only for the referenced appeal of the individual intervenors but also for an earlier interlocutory appeal unsuccessfully taken by the EEOC[1] and for all district court proceedings. The request was based on 42 U.S.C.A. § 2000e–5(k),[2] which allows attorneys' fees to prevailing parties as part of costs. The

district court, citing *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), and *Jones v. Dealers Tractor and Equipment Co.,* 634 F.2d 180 (5th Cir.1981), "assume[d] the motion [was] in fact timely."[3] Rather than considering *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), which announced the requirements[4] for an award of attorneys' fees to a prevailing defendant under section 2000e–5(k), the court declined Holmes' request because it felt doing otherwise "would be an abuse of discretion." In so concluding, the court obviously was concerned about the timing of the request and its possible effect on a decision to appeal. It quoted *Gary v. Spires,* 634 F.2d 772 (4th Cir.1980):

> "A decision not to appeal may rest not only on the merits of the appellant's claim or defense, but also upon consideration of the expense of the review. Indeed, as is common knowledge among laymen and lawyers, a right or wrong may often be waived or suffered lest the contingent financial incurrence make it ill-advised." *Id.* at 773.

The court went on to note that "[i]n the instant case, we cannot help but feel that had the defendant attempted to get an award of attorneys fees at the trial level, such action might not [*sic*] have affected the *appealing plaintiffs'* decision with re-

---

1. *E.E.O.C. v. D.H. Holmes Co., Ltd.,* 556 F.2d 787 (5th Cir.1977), *cert. denied,* 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978).

2. 42 U.S.C.A. § 2000e–5(k) provides:
   "In any action or proceeding under this subchapter [dealing with employment discrimination] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

3. *Knighton* concerned a request for attorneys' fees under 42 U.S.C.A. § 1988, which provides in part: "... In any action or proceeding to enforce a provision of [certain civil rights laws], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." It is unclear whether the request for fees in *Jones* was under section 1988 or section

2000e–5(k). We see no reason for distinguishing between the two sections for purposes of this case. *See Obin v. District No. 9 of Int'l Ass'n of Machinists and Aerospace Workers,* 651 F.2d 574, 578–79 n. 5 (8th Cir.1981). *Cf. Hughes v. Rowe,* 449 U.S. 5, 14–15, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980) (same factors apply in determining prevailing defendant's right to attorneys' fees under section 1988 as under section 2000e–5(k)); *Lopez v. Aransas County Independent School Dist.,* 570 F.2d 541, 545 (5th Cir.1978) (same).

4. "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421, 98 S.Ct. at 700.

gard to whether or not to appeal." (Emphasis added.)

We admit confusion about the court's ruling. On appeal, the EEOC and Holmes both argue that at least one of the court's reasons for denying the fee request is that the EEOC was prejudiced by the lateness of the motion because it could no longer appeal the trial court's decision. Yet the court's order focuses not on the EEOC's appeal decision, but on the "appealing plaintiffs' decision." The transcript of the hearing on the motion suggests that the court may have felt the EEOC was not liable for fees *on the merits* with respect to most of the case brought by it (*i.e.,* Holmes failed to show the presence of the *Christiansburg* factors).[5] Moreover, one might infer from this hearing that the court did not feel it could, or should, assess fees on remand against anyone other than those plaintiffs who had appealed.

■ Because of this lack of clarity, and because of the lack of express findings by the trial court on whether Holmes is entitled to fees under *Christiansburg,* we remand. What follows should assist the lower court in its determination.

In *Knighton* this Circuit held that the ten-day limitation on motions to alter or

amend a judgment, Fed.R.Civ.P. 59(e), did not apply to requests for attorneys' fees that were statutorily part of costs. The Supreme Court recently upheld this position. *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). *Knighton* stated that "there is no jurisdictional time limit on the filing of a motion seeking [attorneys'] fees." 616 F.2d at 798. *White* did not reach the issue of whether postjudgment fee requests were governed by Rules 54(d) and 58 which specify no time barrier for motions for "costs." 455 U.S. at 454, 102 S.Ct. at 1168, 71 L.Ed.2d at 333 n. 17. Both cases, however, spoke of the trial court's discretion in entertaining these motions, with *White* stating "that this discretion will support a denial of fees in cases in which a post-judgment motion unfairly surprises or prejudices the affected party." 455 U.S. at 454, 102 S.Ct. at 1168, 71 L.Ed.2d at 333. The order before us does not reveal this prejudice or unfair surprise.

The district court's order speaks of the effect the timing of the motion may have had on the appealing plaintiffs' decision to appeal. Rather than speculate, on remand the court should expressly consider whether the "appealing plaintiffs" were unfairly surprised or prejudiced.[6] If they were not,

---

**5.** These informal remarks of the district court, however, also indicate that had Holmes requested attorneys' fees earlier the court would have been inclined to grant them against the EEOC in respect to its pursuing the claim of one of the individual plaintiffs (Ms. Toops, who did not appeal the district court's decision for Holmes on the merits).

**6.** As indicated by the passage from *Gary v. Spires* quoted in the text, *supra,* prejudice to the appeal decision in this context normally involves inducing a decision *not* to appeal. It is difficult to conceive how the timing of the motion could possibly have prejudiced the individual appealing plaintiffs' appeal decision. They *did* appeal, and their appeal was frivolous. Had Holmes earlier requested, and been granted, attorneys' fees, it would have required a finding by the court that the plaintiffs' claims were "frivolous, unreasonable, or without foundation." *Christiansburg* 434 U.S. at 421, 98 S.Ct. at 700. While a plaintiff may not know going into trial that his claim is meritless, almost by definition an appellant should realize that he is making a frivolous appeal. *See Har-*

*ris v. Group Health Ass'n, Inc.,* 662 F.2d 869, 873–74 (D.C.Cir.1981). And when, as here, the trial court's credibility findings indicate that the individual plaintiffs knew they had no claim, it would likewise appear that they should realize their appeal was frivolous. Plaintiffs prone to frivolous appeals are unlikely to be affected by a trial court's formal determination that their original claim was frivolous. Therefore, knowledge of a request for attorneys' fees is also unlikely to affect such plaintiffs' appeal decision. Moreover, even if the individual appealing plaintiffs were prejudiced in their appeal decision, it is also difficult to see how such prejudice could be "unfair," as their appeal was frivolous.

As to the two individual plaintiffs who did not appeal, it may be questionable to assume that they would have taken an appeal, or that their being induced not to by reason of attorneys' fees not having been requested would be unfair to them, as the appeal of their co-parties in the same case against the same defendant was determined to be frivolous. While we do not pass on the matter, there apparently is no

the court should move on to the *Christiansburg* evaluation.

 The above analysis applies to the EEOC as well. The timing of the motion alone is not determinative. Absent a proper finding of prejudice or unfair surprise, the court should consider *Christiansburg*. We note that in the context of this case, the court may possibly reach different conclusions under *Christiansburg* regarding the EEOC and the individual plaintiffs.[7]

At the hearing on Holmes' motion for fees, the trial court expressed a justified concern about piecemeal appeals. We share that concern. However, bound by *Knighton,* we vacate and remand, perhaps to await another appeal. In *Knighton* we indicated that a local rule could easily resolve the problem presented by this case. 616 F.2d at 798 n. 2. *See White,* 455 U.S. at 454, 102 S.Ct. at 1168, 71 L.Ed.2d at 333 n. 17. We reaffirm that belief. While the difficulties of determining the right to and amount of attorneys' fees counsels against strict, extremely brief time limits such as that in Rule 59(e), *id.,* we see no good reason for delaying a request as long as Holmes did in this case.[8] A desirable local rule should attempt to set a time limit that permits parties to make an informed motion or arrive at a settlement, and then allows the court to consider *Christiansburg* and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), while preserving the ability of the parties or this Court to consolidate the attorneys' fees issue with an appeal on the merits. *See Obin v. District No. 9 of International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 583 (8th Cir.1981) (suggesting either a twenty-one day rule or delay of entry of final judgment until determination of claim for attorneys' fees). *See also White,* 455 U.S. at 455, 102 S.Ct. at 1168, 71 L.Ed.2d at 334 (Blackmun, J., concurring) (approving *Obin*'s general approach to problem).

VACATED AND REMANDED.

suggestion that an appeal on the part of these two individual plaintiffs would have been any less frivolous.

**7.** As to the *Christiansburg* factors, the two non-appealing individual plaintiffs, as well as the appealing plaintiffs, may be in a somewhat different position than the EEOC, as the individuals may have been better informed as to the lack of merit in their claims.

Prejudice to the EEOC's appeal decision on account of the timing of Holmes' attorneys' fees motion, though not as obviously doubtful as is prejudice to the appeal decision of the individual appealing plaintiffs, nevertheless also appears most questionable. The individual appealing plaintiffs' appeal was frivolous, and it is difficult to believe that a public agency such as the EEOC would have changed its mind and elected to appeal such a case on the merits simply because it knew attorneys' fees were being sought. In this setting, whether any such "prejudice" would be "unfair" may also be doubtful.

**8.** Holmes argues that it waited until after the appeal because it did not know until then that it was a "prevailing party." This argument carries little weight regarding the appealing individual plaintiffs, and almost none regarding the EEOC and the other individual plaintiffs since they did not appeal.